AO 241
(Rev. 01/15)

**U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**FILED** JUN 20 2016

**WILLIAM W. BLEVINS
CLERK**

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Docket or Case No.:

**16-11835**

**SECT.G MAG 1**

| United States District Court | District: **Eastern** | |
|---|---|---|
| Name (under which you were convicted):<br>**Gerald W. Dahlem** | | |
| Place of Confinement:<br>**Avoyelles Correctional Center** | Prisoner No.:<br>**384259** | |
| Petitioner (include the name under which you were convicted)<br>**Gerald W. Dahlem**            v. | Respondent (authorized person having custody of petitioner)<br>**Troy Poret, Acting Warden at AVC** | |
| The Attorney General of the State of: **LOUISIANA** | | |

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    **22nd Judicial District Court, Clerk for the 22nd Judicial District Court, Washington & Main St., PO Box 607, Franklinton, LA 70438**

    (b) Criminal docket or case number (if you know): **12-CR8-115995**

2.  (a) Date of the judgment of conviction (if you know): **May 1, 2012**

    (b) Date of sentencing: _____

3.  Length of sentence: **Twenty Five (25) years at hard labor**

4.  In this case, were you conviction on more than one count or more than one crime?  [ ] Yes  **[ x ] No**

5.  Identify all crimes of which you were conviction and sentenced in this case: **DWI (Fourth Offense)**

6.  (a) What was your plea? (Check one)

    **[ x ] (1) Not Guilty**          [ ]      (3) Nolo Contendere (no contest)

    [ ]    (2) Guilty          [ ]      (4) Insanity Plea

**TENDERED FOR FILING**

**JUN 20 2016**

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

Fee _____
Process _____
X Dktd _____
___ CtRmDep _____
___ Doc. No. _____

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

      **[ x ] Jury**     [ ] Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

     [ ] Yes    **[ x ] No**

8. Did you appeal from the judgment of conviction?

    **[ x ] Yes**    [ ] No

9. If you did appeal, answer the following:

(a) Name of court: **First Circuit Court of Appeals**

(b) Docket or case number (if you know): **2013-KA-0577**

(c) Result: **Denied with reasons**

(d) Date of result (if you know): **June 18, 2014**

(e) Citation to case (if you know): **148 So. 3d 591; 2014 La App LEXIS 15852014 La. App.**

**LEXIS 1585**

(f) Grounds raised: **Petitioner was unconstitutionally tried before a six-person jury, when the Louisiana Constitution of 1974 and La. C.Cr.P. Art. 782(A) mandates twelve-person jury, a Sixth Amendment Constitutional violation. (Fair Trial) and (impartial jury): Petitioner was tried by a six-person jury thereby violating Fifth Amendment and Fourteenth Amendment rights to be informed, due process, right to be heard: The Louisiana Supreme Court ruling has violated Petitioner's right to remain silent and self-incrimination Fifth Amendment violations: Petitioner's protections of the due process clause of the Louisiana Constitution of 1974 along with Fourteenth Amendment to the USCA have been violated: Louisiana Supreme Court ruling has affirmed the use of an unconstitutional predicate conviction, thereby violating Fifth, Sixth, and Fourteenth Amendment to USCA (Prosecutorial misconduct, excessive sentence)**

(g) Did you seek further review by a higher state court? **[ x ] Yes**    [ ] No

    If yes, answer the following:

    (1) Name of court: Louisiana Supreme Court

    (2) Docket or case number (if you know): **2014-KO-1555**

    (3) Result: **Denied with reasons**

    (4) Date of result (if you know): **March 15, 2016**

AO 241
(Rev. 01/15)

(5) Citation to the case (if you know): _____

(6) Grounds raised: **Petitioner was unconstitutionally tried before a six-person jury, when the Louisiana Constitution of 1974 and La. C.Cr.P. Art. 782(A) mandates twelve-person jury, a Sixth Amendment Constitutional violation. (Fair Trial) and (impartial jury): Petitioner was tried by a six-person jury thereby violating Fifth Amendment and Fourteenth Amendment rights to be informed, due process, right to be heard: The Louisiana Supreme Court ruling has violated Petitioner's right to remain silent and self-incrimination Fifth Amendment violations: Petitioner's protections of the due process clause of the Louisiana Constitution of 1974 along with Fourteenth Amendment to the USCA have been violated: Louisiana Supreme Court ruling has affirmed the use of an unconstitutional predicate conviction, thereby violating Fifth, Sixth, and Fourteenth Amendment to USCA (Prosecutorial misconduct, excessive sentence) Louisiana Supreme Court limited certiorari to the jury composition only**

(h) Did you file a petition for certiorari in the United States Supreme Court?     [ ] Yes     **[ x ] No**

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

**10.** Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?     [ ] Yes     **[ x ] No**

**11.** If your answer to Question 10 was "Yes," give the following information:

(a)     (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your Petitioner, application, or motion?

[ ] Yes     [ ] No

(7) Result: _____

(8) Date of result (if you know): _____

AO 241
(Rev. 01/15)

(b) If you filed any second petition, application, or motion, give the same information:

 (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your Petitioner, application, or motion?

[ ] Yes       [ ] No

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

 (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your Petitioner, application, or motion?

    [ ] Yes      [ ] No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    **[ x ] Yes**    [ ] No

    (2) Second petition:    [ ] Yes    [ ] No

    (3) Third petition:    [ ] Yes    [ ] No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

**12.** For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE: <u>Sixth Amendment constitutional claim raised, Petitioner was denied to a fair trial and an impartial jury, by being tried by a six-person jury, when a twelve-person jury was mandated by law.</u>**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**<u>Petitioner was tried by a six person jury for an offense that was necessarily punishable with hard labor, mandated by La. R.S. 14:95(E)(4)(a) and the La. Const. Art. 1 § 17, and La. C.Cr.P. Art. 782(A) violating his Sixth Amendment right to a fair trial by an impartial jury. See Claim One in Attached Memorandum</u>**

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

Page 7

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   **[ x ] Yes**      [ ] No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

[ ] Yes      **[ x ] No**

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                    [ ] Yes      [ ] No

(4) Did you appeal from the denial of your motion or petition?              [ ] Yes      [ ] No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     [ ] Yes      [ ] No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

**(e) Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: **None, direct appeal**

**GROUND TWO: Fifth and Fourteenth Amendment constitutional claims raised, Petitioner was tried by a six-person jury, in violation of his due process rights to be informed, and right to be heard, by the six missing jurors.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**Petitioner was not informed of his constitutional right to a twelve-person jury, and therefore was denied the right to be heard by the (6) six missing jurors. (Petitioner was also not read his rights to a judge or jury trial, at arraignment.) See Claim Two in attached memorandum**

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

_____

_____

**(c) Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    **[ x ] Yes**    [ ] No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

[ ] Yes    **[ x ] No**

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

AO 241
(Rev. 01/15)

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

| | | |
|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | [ ] Yes | [ ] No |
| (4) Did you appeal from the denial of your motion or petition? | [ ] Yes | [ ] No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | [ ] Yes | [ ] No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two: **Direct Appeal**

**GROUND THREE: Fifth Amendment violations, right to remain silent and self-incrimination of the USCA and the La. Const. Art. 1 § 16**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**the Louisiana Supreme Court's affirmation has conclusively violated Petitioner's Fifth Amendment right to the USCA by using Petitioner's silence to self-incriminate himself, by implied "acquiescence." See Claim Three in Attached Memorandum**

AO 241
(Rev. 01/15)

(b) If you did not exhaust your state remedies on Ground One, explain why: **On rehearing to the Louisiana Supreme Court**

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          **[ x ] Yes**          [ ] No

(2) If you did not raise this issue in your direct appeal, explain why: **On rehearing to the Louisiana Supreme Court, claim evolved in the Louisiana Supreme Court ruling**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

[ ] Yes          [ ] No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                          [ ] Yes          [ ] No

(4) Did you appeal from the denial of your motion or petition?                     [ ] Yes          [ ] No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   [ ] Yes          [ ] No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR: <u>Fourteenth Amendment constitutional claim raised, the Supreme Court ruling
has conclusively denied Petitioner the essential protections of the Due Process Clause of
the Louisiana Constitution of 1974 and Fourteenth Amendment of the USCA</u>**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

<u>**The Supreme Court has taken subsequent unconstitutional proceeding (habitual offender) and
conclusively used it to try an invalidated Petitioner claim of being tried by a six-person jury
when in fact the habitual offender proceedings are unconstitutionally based on this
unconstitutional conviction. See Claim Four in Attached Memorandum (Habitual offender
proceedings are based on this instant unconstitutional conviction)**</u>

(b) If you did not exhaust your state remedies on Ground One, explain why: <u>**On rehearing, claim evolved from
Louisiana Supreme Court ruling**</u>

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?         [ ] Yes      [ ] No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

[ ] Yes      **[ x ] No**

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241
(Rev. 01/15)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                          [ ] Yes      [ ] No

(4) Did you appeal from the denial of your motion or petition?                     [ ] Yes      [ ] No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   [ ] Yes      [ ] No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: ___

_____

_____

_____

_____

_____

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

**GROUND FIVE: <u>Louisiana Supreme Court ruling has overlooked an unconstitutional predicate conviction for the purpose of enhancement of Petitioner's instant conviction, thereby violating Petitioner's right to a fair trial and due process.</u>**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**<u>The State used an unconstitutional predicate conviction to enhance Petitioner's instant conviction [constitutional is a complete structure] the predicate used is not certified as required by La. C.Cr.P. Art. 871 and therefore is constitutional by being incomplete. See Claim Five in the Attached Memorandum</u>**

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

_____

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      **[ x ] Yes**      [ ] No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

　　　[ ] Yes      **[ x ] No**

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?　　　　　　　　[ ] Yes      [ ] No

(4) Did you appeal from the denial of your motion or petition?　　　　　　[ ] Yes      [ ] No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?　[ ] Yes      [ ] No

(6) If your answer to Question (d)(4) is "Yes," state:

AO 241
(Rev. 01/15)

Page 14

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: **None, direct appeal**

**13.**     Please answer these additional questions about the petition you are filing:

(a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?     **[ x ] Yes**     [ ] No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

_____

(b)     Is there any ground in this petition that has not been presented in some state federal court? If so, which ground or grounds have not been presented, and state your reasons for presenting them:

_____

_____

_____

**14.**     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?     [ ] Yes     **[ x ] No**

If "Yes," state the name and location of the court, the docket or case number, the type of proceedings, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____
_____
_____
_____
_____

**15.**   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?  [ ] Yes      **[ x ] No**

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised. _____

_____
_____
_____
_____
_____
_____
_____

**16.**   Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing: **No hearing**

(b) At arraignment and plea: **James Talley, Public Defender, 22nd Judicial District Court,
Washington Parish**

(c) At trial: **James Talley, Public Defender, 22nd Judicial District Court, Washington
Parish**

(d) At sentencing: **Kevin Lender, Public Defender, 22nd Judicial District Court, Washington
Parish**

(e) On appeal: **Mary Roper, Louisiana Appellate Project, First Circuit: Southern University
Law Center, Virginia B. Listach, Supreme Court of Louisiana**

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

**17.**   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?

[ ] Yes      **[ x ] No**

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____
_____

AO 241
(Rev. 01/15)

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   [ ] Yes        [ ] No

**18.**   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 USC § 2244(d) does not bar your petition.*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

Page 17

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 USC § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, Petitioner asks that the court grant the following relief: **New trial, acquittal, or sentenced to the lesser included offense of 3rd Offense DWI, based on unconstitutional predicate conviction, used in this instant conviction. See Attached Memorandum or any other relief to which Petitioner may be entitled.**

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, day, year).

Executed (signed) on ___5 - 24 - 16___ (date).

_Gerald N. Dahlem_ # 384259
Signature of Petitioner

**STATE OF LOUISIANA**

**PARISH OF AVOYELLES**

**AFFIDAVIT OF VERIFICATION**

 

 

**BEFORE ME**, the undersigned authority, personally appeared **GERALD DAHLEM**, who, being first duly sworn, deposed: That he is the petitioner in the above and foregoing **PETITION FOR HABEAS CORPUS RELIEF** and that all the allegations of fact made in the petition are true, except those allegations expressly made on information and belief; and that, as to these, affiant believes them to be true.

_Gerald N. Dahlem #384259_
**PETITIONER**

**SIGNED AND AFFIRMED** in the presence of:

_____
**WITNESS**

_Bryant Rogers_
**WITNESS**

**SWORN TO AND SUBSCRIBED** before me this **24** day of **MAY 2016**.

_____
EX OFFICIO NOTARY _Wayne Mellos_
_89856_

INTO THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


CIVIL DOCKET NO. _____


GERALD W. DAHLEM

VERSUS

TROY PORET

ACTING WARDEN OF AVOYELLES CORRECTIONAL CENTER


---

## MEMORANDUM OF LAW AND ARGUMENTS IN BRIEF IN SUPPORT OF PETITION/APPLICATION FOR HABEAS CORPUS RELIEF

---


Respectfully Submitted by;

Gerald W. Dahlem # 384259
Avoyelles Correctional Center C-3 D-2
1630 Prison Road
Cottonport, La. 71327

TENDERED FOR FILING

JUN 20 2016

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

## **CONTENTS**

Introduction…………………………………………………………………………….pg. 1

Statement of case………………………………………………………………………...pg. 1,2,3

Claim One-Sixth Amendment Federal Constitutional Claim…………………………….pg. 4-10

Claim Two-Fifth and Fourteenth Amendment Federal Constitutional Claim…………...pg. 11-16

Claim Three-Fifth Amendment Federal Constitutional Claim…………………………...pg. 17-18

Claim Four-Fourteenth Amendment Federal Constitutional Claim……………………...pg. 19-21

Claim Five-Fifth, Sixth, and Fourteenth Amendment Federal Constitutional Claim…...pg. 21-24

Conclusion and Prayer………………………………………………………………….pg. 25

Verification……………………………………………………………………………...pg. 25

Certification…………………………………………………………………………….pg. 25

## **EXHIBITS**

Exhibit A- Instant offense commitment order and court minutes for (3rd) offense
Exhibit B- Joint Stipulation
Exhibit C- Letter from Southern University Law Center
Exhibit D- Louisiana Supreme Court, ruling
Exhibit E- First Circuit Court of Appeals, ruling
Exhibit F- Rehearing and Original Brief filed by Southern University Law Center
Exhibit G- Rehearing and Original Brief filed by Petitioner

## **LAW REFERENCES**

United States Constitution-Fifth, Sixth, and Fourteenth Amendments

Louisiana Constitution Article 1, § 17 (A)
Louisiana Constitution Article 1, § 16
Louisiana Code of Criminal Procedure Article 782 (A)
Louisiana Code of Criminal Procedure Article 871
Louisiana Revised Statute 14:98 E (4)(a)

## TABLE OF AUTHORITIES

Listed as they chronologically appear in petition.

Duncan v. Louisiana, 391 U.S. 145, 152-53 (1968)

U.S. v. Duncan, 669 F.3d 84, 86 (2nd Cir. 2011)

U.S. v. Soderna, 82 F.3d 1370, 1378 (7th Cir. 1996)

U.S. v. Chavez, 204 F.3d 1305, 1310 (11th Cir. 2000)

Blanton v. N. Las Vegas, 489 U.S. at 542

U.S. v. Mendez, 102 F.3d 126, 131 (5th Cir. 1996)

Singer v. U.S., 380 U.S. 24, 36 (1965)

U.S. v. Gonzalez, 420 F.3d 111, 131-33 (2nd Cir. 2005)

Ballew v. Georgia, 435 U.S. 223, 236-45 (1978)

State v. Welch, App. 1st Cir. 2013, 115 So.3d 490, 2012-1531 (La. App. 1st Cir. 3-22-13)

State v. Johnson, App. 3rd Cir. 2010, 52 So.3d 273, 2010-196 (La. App. 3rd Cir. 11-24-10)

State v. Langley, 2006-1041 (La. 5-22-07), 958 So.2d 1160

Gomez v. U.S., 490 U.S. 858, 109 S.Ct. 22, 37, 104 L.Ed.2d 923 (1989)

State v. Gibson, 391 So.2d 421 (La. 1980)

Arizona v. Fulminante, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)

Sullivan v. Louisiana, 508 U.S. at 275-85

Crane v. Kentucky, 476 U.S. 683, 690, 106 S.Ct. 2142, 2146, 90 L.Ed.2d 636 (1986)

U.S. v. Scheffer, 523 U.S. 303, 308, 118 S.Ct. 1261, 1264, 140 L.Ed. 413 (1998)

Rock v. Arkansas, 483 U.S. 44, 58, 107 S.Ct. 2704, 2712-2713, 97 L.Ed.2d 37 (1987)

Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 1196-1197, 10 L.Ed.2d 215 (1963)

Arizona v. Youngblood, 488 U.S. 51, 58, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988)

## TABLE OF AUTHORITIES CONTINUED

Simmons v. U.S., 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, (1968)

Estelle v. Smith, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981)

Chapman v. California, 386 U.S. 18, 87 S.Ct. 624, 17 L.Ed.2d 705 (1967)

State v. Westbrook, 392 So.2d 1043 (La. 1980)(on rehearing); State v. Pitre, 532 So.2d 424, 426 (La. App. 1st Cir. 1988) writ denied, 538 So.2d 590 (La. 1989)

Napue v. Illinois, 320 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959)

State v. Hart, 80 So.3d 25; (La. 4th Cir. App. 2011)

## STATEMENT BY PETITIONER

Petitioner asks this Honorable Court to adhere to Louisiana Supreme Court Justice Weimer's dissent, as Petitioner sees this as the correct ruling that should have been rendered. Petitioner also asks this Honorable Court to apply the law as written, especially when dealing with La. R.S. 14:98 E(4)(a) where it states **"shall be imprisoned at hard labor"** thereby being mandatory.

Petitioner would like to draw this Honorable Courts attention to Exhibit A, the commitment order, where Petitioner received the exact same sentence that is provided for in R.S. 14:98 E (4)(a) where it states "at least (3) three years of the sentence **shall** be imposed without benefit of suspension of sentence, probation, or parole" the exact same language is contained in the commitment order of Petitioner's sentence.

Finally, Petitioner presents that also contained in Exhibit A, are court minutes of Petitioner's (3) third offense conviction where it provides that Petitioner was sentenced to substance-abuse treatment and home-incarceration, the criteria called for to mandatorily enact R.S. 14:98 E (4)(a), evidence that was in fact presented at trial.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GERALD W. DAHLEM                                    CIVIL ACTION:

        VERSUS                                      NO._____

WARDEN OF AVOYELLES                                DC. DKT. 12-CR8-115995
CORRECTIONAL CENTER                                AC. DKT. 2013-KA-0577
"TROY PORET"                                       SC. DKT. 2014-KO-1555

### *PRO-SE,* PETITION UNDER 28 U.S.C. § 2254
### FOR ISSUANCE OF WRIT OF HABEAS CORPUS

Now into this Honorable Court comes, Gerald W. Dahlem, "Petitioner" and *pro-se,* an

inmate presently confined at Avoyelles Correctional Center, in Cottonport, La. 71327, who

respectfully moves this Honorable Court to grant Petitioner relief by means of issuance of

Habeas Corpus.

## STATEMENT OF CASE

(1)    The Petitioner's case derives from a felony Bill of Information filed January 9, 2012, by

the District Attorney's office, in and for the Parish of Washington. Petitioner was charged with

the following counts;

Count 1-Fourth offense driving while intoxicated, a violation of La. R.S. 14:98
Count 2-Improper lane usage, a violation of La. R.S. 32:79
Count 3-license plate light required, a violation of La. R.S. 32:304 (C)
Count 4-Driving under suspension, a violation of La. R.S. 32:415 (A)

Petitioner was arraigned on January 17, 2012, under docket number 12-CR8-115995, at

which time the Petitioner entered a "not guilty" plea on all counts.

TENDERED FOR FILING

JUN 20 2016

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

(2)    On April 23, 2012, Petitioner was brought to court for motions to be heard, at which time the Public Defender advised the court that he had failed to bring the file with him, and he would send somebody to get it, but, never did, a Motion to Suppress, and a Motion to Quash.

(3)    On April 30, 2012, the court denied the motion to quash and a motion for a continuance, just prior to voir dire proceedings, during which time, the court never asked the Petitioner any questions, and did not engage the Petitioner in any type of colloquy concerning the Petitioner's constitutional rights, especially his constitutionally guaranteed right to a twelve person jury, for trial.

(4)    On May 1, 2012,  the state severed counts 2-4 and elected to go to trial on count one only, the driving while intoxicated charge. At the conclusion of trial, the selected six-person jury found the Petitioner guilty as charged, the trial court then denied a Motion for a New Trial and a Motion for Post-Verdict Judgment of Acquittal. (judge's stated reason; "I sat in on the trial and heard the evidence."

(5)    On September 24, 2012, Petitioner was sentenced to (25) Twenty-five years at hard labor with (3) three years to be served without the benefit of parole, probation, or suspension of sentence. Petitioner's counsel moved for reconsideration of sentence, which the trial court also denied. Thereafter, the state filed a Multiple Offender Bill of Information, alleging the Petitioner was a (3) third felony offender. Petitioner plead not true, by counsel's advise, and a hearing was scheduled.

(6)    On October 29, 2012, a hearing was conducted on the Multiple Offender Bill of Information, where upon, Petitioner admitted to the allegations in the Bill. The trial court after considering the factors set forth in La.C.Cr.P. art 894.1 (the sentencing guidelines) and other evidence in the case, vacated its original sentence and sentenced the Petitioner to (25) Twenty-

2

five years at hard labor without the benefit of probation or suspension of sentence under the Habitual Offender law, La. R.S. 15:529.1.

(7)     Petitioner timely appealed to the Court of Appeal, First Circuit, under docket number 2013-KA-0577, raising five assignments of error, both counseled and pro-se, appointed counsel Mary Roper with the **"Louisiana Appellate Project."**

(8)     Following the First Circuit Court of Appeals ruling, a denial rendered on June 18, 2014, Petitioner timely filed a motion/application for re-hearing, of which, was denied on July 22, 2014.

(9)     Thereafter, Petitioner filed a timely Supervisory Writ of Judicial Review into the Louisiana Supreme Court, under docket number 2014-KO-1555, certiorari was granted March 27, 2015, with instructions that the review would be limited to the jury composition issue only.

At this point in time, the Louisiana Supreme Court appointed Virginia B. Listach, a "professor" with the **"Southern University Legal Clinic"** as counsel to represent the petitioner.

(10)    On March 15, 2016, the Louisiana Supreme Court, on writ of certiorari to the Court of Appeal, First Circuit, affirmed the Petitioner's conviction and sentence under docket no. 2014-KO-1555.

(11)    Petitioner then timely filed a motion/application for a re-hearing, pursuant to Rule IX Section 1 of the rules of the Supreme Court of Louisiana.

(12) Rehearing was denied by the Louisiana Supreme Court on *March 15, 2016* , thereby exhausting Petitioner's state remedies on direct appeal.

It is from these foresaid proceedings and decisions, that this instant petition/application for writs, follow, seeking entitled Federal Habeas relief.

## CLAIM ONE

### SIXTH AMENDMENT CONSTITUTIONAL CLAIM RAISED

Petitioner was denied a fair trial, and an impartial jury, when six of the constitutionally mandated jurors were absent, during the entire trial proceedings. Petitioner was constitutionally guaranteed a twelve person jury, in a prosecution for a serious crime/charge, a jury that would promote accuracy and fully represent minority views in the community.

### ARGUMENT

### IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIM RAISED

Under the Sixth Amendment, criminal defendants have a right to a fair trial by an impartial jury, drawn from the state and district in which the crime allegedly occurred. U.S. Const. amend. VI; see also; U.S.Const. art. III, § 2, cl. 3; *Duncan v. Louisiana*, 391 U.S. 145, 152-53 (1968); Fed.R.Crim.P. 23 (a) ("[I]f defendant is entitled to a jury trial, it must be by jury unless defendant waives jury trial in writing, government consents, and court approves.") The right to a jury trial exists only in prosecutions for serious crimes, as distinguished from petty offenses. Duncan, 391 U.S. at 159-61. In determining whether a crime is "serious" for Sixth Amendment purposes, courts look to the severity of the maximum authorized penalty. U.S. v. Duncan, 669 F.3d 84, 86 (2nd Cir. 2011); *U.S. v. Soderna*, 82 F.3d 1370, 1378 (7th Cir. 1996); *U.S. v. Chavez*, 204 F.3d 1305, 1310 (11th Cir. 2000). Any crime that could be punished by a prison sentence greater than six-months triggers the right to a jury trial, even if the sentence imposed is less than six-months. *Blanton v. N. Las Vegas*, 489 U.S. at 542; *Duncan*, 391 U.S. at 161-62.

A defendant may waive the right to a jury trial, and likewise, also may be able to waive jury composition and unanimity right, provided; first, the defendant is made aware that such right exist; second, obtain the court's approval and the government's consent; third, waiving the right voluntarily; fourth, expressing the waiver knowingly and intelligently; fifth, recording the waiver in writing. *U.S. v. Mendez*, 102 F.3d 126, 131 (5th Cir. 1996): *Singer v. U.S.*, 380 U.S. 24, 36 (1965): *U.S. v. Gonzalez*, 420 F.3d 111, 131-33 (2nd Cir. 2005). See also *Ballew v. Ga.*, 435 U.S.223, 236-45 (1978). As noted by the Supreme Court in *Ballew v. Georgia*, *supra,* 435 U.S. at 242, 98 S. Ct. at 1040.

Pg.3, "In recognition of these factors, Art. 1, §17 [of the 1974 Louisiana Constitution] represents a considered determination that, as the consequences of convictions stiffen, so should the defendant's procedural safeguards."

In the case *sub judice*, Petitioner was improperly tried before a six-person petit jury for a case necessarily punishable by hard labor, where the Louisiana Constitution and the Louisiana Code of Criminal Procedure specifically stipulate:

**Louisiana Constitution, Art. 1, § 17 provides;**

A case in which the **punishment is necessarily** confinement **at hard labor** shall be tried before a jury of **twelve persons**, ten of whom must concur to render a verdict. A case in which the punishment may be confinement at hard labor shall be tried before a jury of six persons, all of whom must concur to render a verdict.

**Louisiana Code of Criminal Procedure Art. 782 (A) provides also;**

Cases in which **punishment is necessarily** confinement **at hard labor** shall be tried by a jury composed of **twelve jurors**, ten of whom must concur to render a verdict. Cases in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict.

Here, after a six-member jury found Petitioner guilty, Petitioner was sentenced to (25) twenty-five years at hard labor, with (3) three years without the benefit of suspension of sentence, probation, or parole; pursuant to **La. R.S. 14:98 (E)(4)(a)** – Dahlem, 2013-0577, pg.3; 148 So.3d at 591. See also Exhibit A: Commitment Order.

At the time of commission of the offense and trial, Louisiana Revised Statute 14:98 (E)(4)(a) provided that:

**La. R.S. 14:98 (E)(4)(a) Driving While Intoxicated;**

If the offender has previously been required to participate in substance abuse treatment and home-incarceration pursuant to subsection D of this section, the offender shall not be sentenced to substance abuse treatment and home-incarceration for a fourth or subsequent offense, but **shall be imprisoned at hard labor** for not less than ten nor more than thirty years, and at least (3) three years of the sentence shall be imposed without benefit of suspension of sentence, probation, or parole. **Id. (emphasis added)**

Petitioner was sentenced to the criteria of subsection D, for his (3rd) third offense DWI.

The Louisiana Supreme Court ruling quickly pointed out that, "Petitioner did not object during the selection of the jury, participated in the selection of the six-person jury, and failed to file a motion in arrest of judgment at the trial court level," however, what the Supreme Court failed to point out in it's ruling, is that, the record at petitioner's arraignment, failed to show, at anytime, did the trial court judge, district attorney, or defense counsel, inform the Petitioner about exercising his constitutional right to trial by jury instead of a judge trial, or, that Petitioner knowingly, intelligently, and voluntarily waived his right to a twelve-person jury, and decided on the alternative choice of a six-person jury. *Petitioner was not read his rights to judge or jury trial.*

**Louisiana Constitution, Art. 1, §17, in pertinent part also provides that;**

> " a defendant may knowingly and intelligently waive his
> right to a trial by jury, but, no later than forty-five days prior to the
> trial date and the waiver shall be irrevocable."

Using this reasoning, the defendant can waive his right to a six-person jury and elect to go to trial by a one-person judge. This should also have the same effect, to a waiver of a twelve-person jury, to a six-person jury for trial, *via* jury composition, which can also be done no later than forty-five days prior to the trial date. Questionable is how did the Petitioner waive his constitutionally protected and/or guaranteed right, to a twelve-person jury trial, on the day of trial?

The waiver of a criminal defendant's right to be tried by a jury of (12) twelve-persons is not presumed; there operates, in fact, a presumption against such waiver which must be rebutted. *State v. Welch*, App. 1st Cir. 2013, 115 So.3d 490, 2012-1531 (La. App. 1st Cir. 3-22-13).

In *State v. Johnson*, App. 3rd Cir. 2010, 52 So.3d 273, 2010-196 (La. App. 3rd Cir. 11-24-10,) identical to the case at issue, the defendant had previously been required to participate in

7

substance abuse treatment and home-incarceration following a conviction for Driving While Intoxicated (DWI) Fourth Offense, was subject to a mandatory sentence of confinement at hard labor for a second such conviction, and thus, because state constitution mandated that any case in which the punishment was necessarily confinement at hard labor, be tried by a jury of (12) twelve-persons, defendant's subsequent conviction by a jury of six-persons for DWI, Fourth Offense was null. Ruled: **Error Patent on the Face of the Record**

The violation of Petitioner's constitutional right when he was denied a twelve-person jury and instead was subjected to a six-person jury affected the structure of the trial composition. Petitioner's constitutional violation manifestly is structural in nature for the following (3) three reasons:

1. **The duration of the violation was through the entirety of the district court trial.**

2. **The ruling of the six absent triers of fact at the jury trial cannot be deduced based on a possibility of what they probably would have ruled.**

3. **The infringement of this error is such an intimate and personal infringement of his constitutional right that qualifies as a separate standard of structural error or conforms to the narrow framework of a current structural error.**

Through the Supreme Court's analysis in ***State v. Langley***, 2006-1041 (La. 5-22-07), 958 So.2d 1160, the court clarified that it is clear and evident that a "structural error, by its very nature impacts the entire framework of the trial from beginning to end without reference to any other trial consideration." ***Langley***, 958 So.2d at 1168.

As the Supreme Court's illustration in ***Langley***, Louisiana has adopted the Supreme Court ruling in ***Gomez v. United States***, 490 U.S. 858, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989).

In *Gomez*, the Supreme Court found that a criminal trial begins at the onset of the voir dire process. *Gomez*, 490 U.S. at 876.

The United States Supreme Court found that "among the basic fair trial rights that can never be treated as harmless is a defendant's right to an impartial adjudicator, be it judge or jury." **Id.**

The Supreme Court in *Langley*, further rectified the state appellate court's preceding interpretation of *Gomez* by clarifying that the absence of the trier of fact must be undoubtedly during a critical point of the trial – such as voir dire – to constitute a structural error. Following *Gomez* the adjudicator cannot be absent for the entirety of a critical proceeding.

In this case, Petitioner's first point alone substantiates a structural error analysis. Petitioner began trial at the voir dire proceedings wherein there was a selection of a six-person jury. Throughout the entirety of the trial from beginning to end, and with all critical points, six of the twelve constitutionally mandated triers of fact were absent and unable to rule or deliberate on the proceedings. Adhering to the Supreme Court's previous rulings, this is a structural defect at the level that infects the trial mechanisms as a whole and would therefore be a structural error.

In reference to Petitioner's second point, the state argues that the trial evidence presented and the unanimity of the ruling of the jurors negates any error present.

However, in *State v. Gibson*, 391 So.2d 421 (La. 1980), the Supreme Court identified that while jurisdiction extends to questions of law in evaluating convictions based on constitutional errors to determine harmlessness, "… it does not permit a court to substitute for the verdict its judgment of what the jury *would* or *should* have decided in the absence of the error." *Gibson*, 391 So.2d at 427.

9

Through the Supreme Court's progressive adaptation of United States Supreme Court cases it has adopted the narrow interpretation of structural error set forth in *Arizona v. Fulminante*, 499 U.S. 279, 111 S.Ct. 1246, 113 L.ED.2d 302 (1991).

The states claim of harmless error is fundamentally erroneous. The state is asking this Honorable Court, as it did the Louisiana Supreme Court, to place themselves as the six absent triers of fact and to determine a ruling. Here, the wrong entity would become the triers of fact.

The constitutional error in this case directly correlates to the Louisiana Supreme Court's adoption of *Chapman's* six structural errors. In particular, the six prong of "defective reasonable doubt" deemed a structural error in *Sullivan v. Louisiana*, 508 U.S. at 275-85. In **Sullivan**, the United States Supreme Court recognized that an incorrect jury instruction omitting that the conviction is "beyond a reasonable doubt" is a structural error which is separate and distinct from previously ruled harmless trial errors conducted during jury instructions. *Sullivan*, 508 U.S. at 280. In particular, the United States Supreme Court identified that:

> "Denial of the right to a jury verdict of guilt beyond a
> reasonable doubt is certainly a [structural error], the jury guarantee
> being a 'basic protection' whose precise effects are immeasurable
> but without which a criminal trial cannot reliably serve its
> function." *Sullivan*, 508 U.S. at 281.

While jury instructions are not at issue in the present case, Petitioner was clearly deprived his basic protection of a jury trial when six of the twelve constitutionally guaranteed jurors were absent throughout the entire proceedings of the case and as such there was not a twelve-person verdict of guilt beyond a reasonable doubt. The verdict in this case is therefore constitutionally flawed.

10

## CLAIM TWO

### FIFTH AND FOURTEENTH AMENDMENT CONSTITUTIONAL CLAIMS RAISED

Petitioner was tried by a six-person jury when the Louisiana Constitution and the Louisiana Code of Criminal Procedure, mandated that the Petitioner was to be tried by a jury of twelve-persons, thereby violating his due process rights to be informed, along with his right to be heard, by the six absent triers of fact.

### ARGUMENT I

### IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIMS RAISED

The District Attorney is solely obligated and responsible for the mode of trial, and is directed in doing so, by the statutes and articles embodied within the Louisiana Constitution Article 1, §17 (A) and the Louisiana Code of Criminal procedure Article 782, with guidelines of which also dictate and restrict certain actions, such as (jury composition).

A process that should have been infallible, due to the provisions of statutes and articles as foresaid, along with Louisiana Revised Statute 14:98 (E)(4)(a) relative to Driving While Intoxicated. The (3) three references of law that strictly adhere to this issue alone.

The District Attorney and the Court, passed a threshold at the conclusion of arraignment proceedings, where upon, prior to entering any plea, the Court was required to inform and warn the Petitioner of all his constitutional rights, something, that from review of the record, cannot be availed of.

United States Supreme Court has expanded due process of law, as it is embodied within the Fifth Amendment to the Constitution of the United States to include; the right of an accused to be warned of constitutional rights at the earliest stage of the criminal process. "Most certainly at the point in time where the state would have been made aware of the Petitioner's

11

constitutionally protected and guaranteed right to a twelve-person jury for trial," which would require a knowing and intelligent waiver of this right, executed by the Petitioner.

The District Attorney should not be assured, by an affirmation of conviction, that infringes upon the constitutionally protected rights of the Petitioner. The District Attorney did not have the discretion or the choice of whether he would prosecute under R.S 14:98 E(1)(a) or E(4)(a), as this pertains to sentencing guidelines, that strictly adhere to the sentencing judge.

The (3) three aforementioned references of law dictate and restrict this type of action; evidence that the state knew they had and were going to present it at trial, prior to trial, made it mandatory, not by discretion or choice. Evidence that was well known prior to any stage of the proceedings, even at the point of filing a Bill of Information, due to the fact that Petitioner's (3rd) third offense DWI conviction was listed in the Bill, and was evident that the conviction was obtained in the very same jurisdiction, parish, and courthouse. The state had this evidence and knew it well before trial, because the state violated Petitioner's probation on his (3rd) third offense DWI, on January 26, 2012, just (9) nine days after his arraignment, on January 17, 2012, in the very same courtroom. For the District Attorney to have this evidence and know it, shows that he acted in bad faith, waiting until the day of trial to present it, also knowing it would in fact contradict his type of jury selection. (six-person jury, when twelve were required)

A structural error of this magnitude is devastating to the trial process and the verdict rendered; this structural error by itself, violated the essential protections of the due process clause of the Louisiana Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

Petitioner should not have to suffer at the hands of the District Attorney alone, one who's responsibility, obligation, and ethical duty was to ensure a fair trial. This type of inaction tainted

12

the entire trial process, by not empanelling the correct number of jurors, mandated and dictated by law; but instead, empanelled jurors that were forced to render a constitutionally flawed verdict.

**A structural error that was solely created, by the District Attorney alone.**

"The guarantee of procedural fairness which flows from both the Fifth and Fourteenth Amendments due process clauses of the constitution; stipulate that minimal procedural due process is that parties whose rights are to be affected are entitled to be heard; here, Petitioner was only heard by half the fact finders, mandated by law.

## ARGUMENT II

### IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIM RAISED

Petitioner now raises a claim that is so basic, that he feels that it can be raised for the first time on application for writ of habeas corpus; and the fact that the Louisiana Supreme Court upon granting certiorari, limited his direct appeal to the jury composition only, then went outside the bounds of their instructions, and denied Petitioner relief, based on the multiple offender adjudication.

Petitioner would like to draw this Honorable Court's attention to the court minutes of April 23, 2012, where upon proceedings, a motion to quash and a motion to suppress were filed prior to the proceedings, and continued, On April 30, 2012, the court minutes reflect that the motion to quash was denied, but, the court minutes are void of any such action taken on the motion to suppress. No action what so ever was taken on the motion to suppress, thereby, violating Petitioner's Fifth, Sixth, and Fourteenth Amendment rights; right to be heard, due process, and a fair trial.

While the constitution guarantees criminal defendant's a meaningful opportunity to present a complete defense, *Crane v. Kentucky*, 476 U.S. 683, 690, 106 S.Ct. 2142, 2146, 90 L.Ed.2d 636 (1986), federal courts have long recognized that the states have broad latitude under the constitution to establish rules excluding evidence from criminal trials and "[s]uch rules will not abridge an accused's right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve'" *United States v. Scheffer*, 523 U.S. 303, 308, 118 S.Ct. 1261, 1264, 140 L.Ed. 413 (1998) (quoting *Rock v. Arkansas*, 483 U.S. 44, 58, 107 S.Ct. 2704, 2712-2713, 97 L.Ed.2d 37 (1987). As a general rule, federal habeas relief is not warranted based upon state evidentiary rulings unless the ruling is so egregious that it results in a denial of fundamental fairness, thereby, violating due process.

Here, in case *sub judice*, the Petitioner was not given the opportunity to present a complete defense, in fact he was not given the opportunity to be heard, on the motion to suppress, so egregiousness could not be determined, resulting in a denial of fundamental fairness, thereby violating due process, right to be heard, and a fair trial.

Petitioner brings forth this claim now, to see if this Honorable Court will address this matter also, but if there is any controversy over this matter being addressed now, Petitioner wishes to withdraw this portion of his claims.

## ARGUMENT III

### IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIMS RAISED

Petitioner brings forth another claim that is so basic, that he feels that it can be addressed for the first time on application for writ of habeas corpus; plus the fact that the Louisiana Supreme Court limited his direct appeal to the jury composition error, then went outside the

bounds of there instructions, and denied Petitioner by addressing the Multiple Offender adjudication, thereby, expanding the record, of such direct appeal.

Petitioner would like to draw this Honorable Court's attention to pg.13 of the chronological order of the record, a joint stipulation that was signed by both the Defense Counsel and the Assistant District Attorney, but not by the judge. Without the judge's signature this joint stipulation cannot be considered satisfied. This joint stipulation was introduced at arraignment proceedings on January 17, 2012, then, filed into the clerk of court's office on January 18, 2012.

In this joint stipulation, it stipulates that the undersigned Assistant District Attorney (Lewis Murray III) has provided a copy of the entire file in this matter to the defendant. The State agrees to provide to the defense any additional file material subsequently obtained.

This is a contradicting document, as it goes on to say, "The State agrees to produce all exhibits and evidence for inspection to the defendant upon reasonable notice and request."

As aforementioned, the State agreed to provide to the defense any additional file material subsequently obtained. See. Exhibit B joint stipulation, file material; [the plea agreement for defendant's (3rd) third offense DWI, where it stipulates that the defendant participated in substance abuse treatment and home-incarceration, as it is also considered additional file material.]

Here, the Assistant District Attorney made an agreement to provide to the defendant any additional file material, but failed to do so, and waited until the day of trial to present evidence that was cumulative to Petitioner's guilt and punishment. The complete record of Petitioner's (3rd) third offense DWI, evidence that was exculpatory to Petitioner's defense, in the sense that, had defense counsel known of this cumulative exculpatory evidence prior to trial, he would have insisted on protecting the Petitioner's constitutionally guaranteed right to a twelve-person jury.

15

Therefore, Assistant District Attorney (Lewis Murray III) violated due process by not fully disclosing all evidence [file material] related to Petitioner's guilt and **punishment**.

Due process requires that the state provide a defendant with any exculpatory evidence in its possession which is material to the defendant's guilt or **punishment**, regardless the good faith or bad faith of the prosecutor. [46,395 La. App. 2nd Cir. 12] ***Brady v. Maryland***, 373 U.S. 83, 83 S.Ct. 1194, 1196-1197, 10 L.Ed.2d 215 (1963). Where a defendant claims that his due process rights have been violated due to the state's failure to preserve potentially useful evidence, the defendant has the burden of showing that the state acted in bad faith. ***Arizona v. Youngblood***, 488 U.S. 51, 58, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988).

Petitioner admits that this is not a preservation claim, but is a presentation claim. The Assistant District Attorney had knowledge of this material evidence, that he knew he was going to present at trial, well prior to trial, and withheld this evidence until the day of trial, thereby, acting in bad faith, because the Assistant District Attorney knew this exculpatory material evidence would in fact invoke Petitioner's constitutional right to a twelve-person jury for trial.

Regardless of any type of arguments concerning this issue, by law the evidence that was in fact produced at trial made it a statutorily mandated action that twelve jurors would have to be empanelled, to decide this case.

Thereby violating Petitioner's due process rights both the Fifth and Fourteenth Amendment rights to the United States Constitution of America.

Petitioner again has concerns of whether or not this Honorable Court can address this matter also at this time, as Petitioner stated in his prior argument if there is in fact any controversy over this matter being addressed now, Petitioner would in fact like to withdraw this portion of his claims.

16

## CLAIM THREE

### FIFTH AMENDMENT CONSTITUTIONAL CLAIM RAISED

The Louisiana Supreme Court's affirmation of the First Circuit Court of Appeals decision has conclusively violated Petitioner's Fifth Amendment rights to the Constitution of the United States and the Louisiana Constitution Art. 1,§ 16, right to remain silent and right against self-incrimination.

### ARGUMENT I

### IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIM RAISED

The Supreme Court's affirmation has erroneously implied that the Petitioner "acquiescenced" in picking the jury, by remaining silent.

Here, the Supreme Court has taken a constitutional right (the right to remain silent) and conclusively used it against the Petitioner involuntarily, to violate his constitutional right against self-incrimination, by implied "acquiescence," thus committing a type of double standard, constitutional violation. The Supreme Court has taken the exercise of this right to remain silent and conclusively used it against the Petitioner, to the extent that this action waived one of the petitioner's other constitutional rights, (right to a twelve-person jury for trial). The Supreme Court therefore has conclusively compelled the Petitioner to involuntarily incriminate himself by implied waiver of a constitutional right, due to such action.

Citing, **Simmons v. United States**, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, (1968) of which in pertinent part states; Under these circumstances, the court found it "intolerable that one constitutional right should have to be surrendered in order to assert another." **Id.**

The right against self-incrimination does not depend on nature of proceedings, (i.e. voir dire proceedings.)

The protection of the Fifth Amendment is much broader than that contemplated by the prosecution. See *Estelle v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). Article 1,§ 16 of the Louisiana Constitution provides; "No person shall be compelled to give evidence against himself."

The evidence here is presumed by implied "acquiescence" something the state has conclusively presumed against the Petitioner in order to deny him his constitutional right to a twelve-person jury for trial. In order to "acquiescence" one has to knowingly, know, what one is acquiescence to, something that cannot be established here, due to a silent record. At no point in time did the court inquire of the Petitioner about his knowledge concerning his constitutional rights, especially his constitutionally protected and guaranteed right to a twelve-person jury for trial.

Instead, the courts have used Petitioner's silence to incriminate himself in any such type of judicial review, by stating that he "waived" this constitutionally protected and guaranteed right by remaining silent.

Its just not judicially or ethically acceptable to believe that ones silence can be used against him, to deny one of their constitutionally protected and guaranteed right, this is not due process of law.

The courts are trying to imply that one would have to break their constitutional right of silence, (in order to object) to receive the benefits of their constitutionally protected and guaranteed right to a twelve-person jury for trial.

As aforementioned in *Simmons v. United States*, it is "intolerable that one constitutional right should have to be surrendered in order to assert another." This violates Petitioner's right to remain silent, right against self-incrimination, and due process.

## CLAIM FOUR

### FOURTEENTH AMENDMENT CONSTITUTIONAL CLAIM RAISED

In the Louisiana Supreme Court ruling, the Supreme Court has conclusively denied Petitioner the essential protections of the due process clause of the Louisiana Constitution along with the (14th) Fourteenth Amendment to the United States Constitution.

### ARGUMENT I

### IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIMS RAISED

By finding that the Multiple Offender Bill of Information and the subsequent enhanced sentence in this case moots the jury composition issue, the Supreme Court has effectively denied Multiple Offenders the essential protections of the due process clause of the Louisiana Constitution along with the (14th) Fourteenth Amendment to the United States Constitution. U.S. Const. Amend. XIV, § 1; La. Const. Art. 1, § 2. See Letter, Exhibit C, Southern University Law Center.

In the Louisiana Supreme Court's ruling they have conclusively and erroneously affirmed a Habitual Offender adjudication that is based upon an unconstitutional conviction. It does not matter whether the judge viewed the evidence or not, the evidence of Petitioner's previous (3rd) third offense DWI conviction revealed that Petitioner had participated in substance abuse treatment and home-incarceration, therefore Petitioner was required to be tried by a twelve-person jury. The judge is also bound by the laws of our state, just like the district attorney, and therefore it was in fact mandatory by statutory provisions and guidelines that petitioner was to be tried by a twelve-person jury.

So, with that being said, no matter what the judge or district attorney did, it still does not change the law: **R.S. 14:98 E(4)(a) "shall be imprisoned at hard labor"**

Furthermore, the Habitual Offender adjudication is unconstitutional because it is based on a constitutionally infirm conviction and therefore cannot moot the previous unconstitutional twelve-person jury issue.

You cannot take a unlawful proceeding and further it to another proceeding, it still becomes unlawful, because it is based on the first unlawful proceeding.

Due process would have dealt with the direct appeal first, a proceeding that lead to the Habitual Offender adjudication, to correct any error present in the proceedings. If this error would not have been present, then there might not have been any Habitual Offender adjudication, because the Petitioner just might have been freed, if the other six absent jurors would have deliberated and came back with a not guilty verdict.

Now, if you are thinking that is impossible, then the wrong entity is passing judgment upon the Petitioner, instead of the six missing jurors. Remember, these arguments are not about the Petitioner's innocence or guilt, but about him receiving a fair trial.

As stated in the application for a rehearing in the Louisiana Supreme Court brief filed by the Petitioner:

Louisiana's harmless error rule is set forth in La.C.Cr.P. art. 921. In *State v. Gibson*, 391 So.2d 421 (La. 1980), the Louisiana Supreme Court adopted the federal harmless error rule, as stated and applied in *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 624, 17 L.Ed.2d 705 (1967), as the standard most compatible with its view of its own criminal appellate jurisdiction, noting that *Chapman's* rule is "more consistent with the notion that all accused persons are entitled to a fair trial, even if guilty." *Gibson, supra,* at 927.

Petitioner now moves own to address the claims that he made in the petition of Judicial Review that was filed into the Supreme Court, although the Supreme Court limited their review to the jury composition only, Petitioner deems that it is only fair, for him to bring the additional claims to light, due to the fact that he was denied relief by the Louisiana Supreme Court.

## CLAIM FIVE

### FIFTH, SIXTH, AND FOURTEENTH AMENDMENT CONSTITUTIONAL CLAIMS RAISED

Louisiana Supreme Court ruling has overlooked an unconstitutional predicate conviction for the purpose of enhancement of Petitioner's instant conviction, thereby violating Petitioner's right to a fair trial and due process.

### ARGUMENT I

### IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIM RAISED

The Louisiana Supreme Court has affirmed a unconstitutional conviction for enhancement of Petitioner's instant offense. The predicate offense is unconstitutional in several aspects, for the following reasons to which:

**Pursuant to La.C.Cr. P. Art. 871, Sentence defined; pronouncing and recording of sentence; certification of conviction, of which in pertinent part provides:**

B.      (1)(a) "In every judgment of guilty of a felony or of one of the misdemeanors enumerated in Subparagraph (2) of this Paragraph, the sheriff shall cause to be attached to the Bill of Information or Indictment the fingerprints of the defendant against whom such judgment is rendered."

(b)(i) "Beneath such fingerprints shall be appended a certificate to the following effect;

"I hereby certify that the above and foregoing fingerprints on this bill are the fingerprints of the defendant, and that they were placed thereon by said defendant this _____ day of _____, _____."

(2) "In addition to judgments of guilty of a felony, the sheriff shall cause the fingerprints of the defendant to be so attached for every judgment of guilty of the following misdemeanors"

(2)(a) "First or second offense operating a vehicle while intoxicated in violation of R.S. 14:98."

Here the Petitioner has shown that the alleged conviction of Jefferson Parish that was used to enhance is not certified and therefore should not be allowed to be used as a predicate offense, it is unconstitutional in nature, due to the provisions of **La.C.Cr.P. Art. 871**.

Constitutional is deemed a complete structure; here the Petitioner has in fact shown the deficiency of such conviction; if this article is not required then why is it mandated within the La.C.Cr.P. Art 871**?**

Furthermore, the Petitioner sets forth additional claims as to the constitutionality of such predicate conviction, as listed below;

1. Copy of the Bill of Information is unsigned by the Petitioner, no finger prints, no photographs, and no certified signature by the clerk of court, it also contains the wrong driver's license number.

2. The extract of minutes contains the wrong diver's license number and is not signed by anyone at all, not even the minute clerk.

3. The waiver of constitutional rights form contains no initials by the alleged waived rights as required, and has no fingerprints, or certified signature of the Petitioner.

The mere fact that the Petitioner has the same name does not constitute sufficient evidence of identity. See. *State v. Westbrook*, 392 So.2d 1043, 1045 (La. 1980)(on rehearing); *State v. Pitre*, 532 So.2d 424, 426 (La. App. 1st Cir. 1988) writ denied, 538 So.2d 590 (La. 1989). See. Also Assignment of Error Two in original brief filed into the Louisiana Supreme Court by Petitioner.

<u>**ARGUMENT II**</u>

**IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIM RAISED**

The State allowed a probation officer to testify that he knows that this was in fact the petitioner's prior conviction, when in fact this conviction was allegedly committed in the year of 2000, when in fact the Petitioner had never met this probation officer until after he was arrested for the instant offense, in 2012, (12) twelve years later.

The State further allowed this probation officer to commit perjury on the stand while testifying that docket number **F1360-18** that is listed in the bill of information, was identical to documents from Jefferson Parish that listed docket number **F-13560-18**, these docket numbers are not identical.

When a prosecutor allows a State Witness to give false testimony without correction, a conviction obtained as a result of that testimony must be reversed, if the witness's testimony could have reasonably affected the verdict, even though the testimony may be relevant to the credibility of the witness. Further more, fundamental fairness to the accused, i.e. Due Process is offended when the State, although not knowingly soliciting false evidence, allows it to go uncorrected as it <u>appears</u>. When false testimony has been given under such circumstances, the Petitioner is entitled to a new trial, unless there is no reasonable likelihood that the alleged false testimony could have reasonably affected the outcome.

23

Without the false testimony of this probation officer, Petitioner would not have been identified as the offender in the predicate conviction that was used to enhance his instant conviction, and therefore would not have been subjected to a fourth offense DWI, but only a third offense, thereby changing the outcome. See *Napue v. Illinois*, 320 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). See. Also *State v. Hart*, when accepting testimony of a previously executed plea agreement.

## ARGUMENT III

## IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIM RAISED

Petitioner at this time would like to assert his claims in his respectfully submitted Writ of Judicial Review filed into the Louisiana Supreme Court, but Petitioner is out of space in order to argue these claims. Therefore, Petitioner request that this Honorable Court address his assignment of error number four; **INVALID PREDICATE USED FOR HABITUAL OFFENDER ADJUDICATION.** Pg. 10

## ARGUMENT IV

## IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIM RAISED

Petitioner at this time would also like to assert his final claim in the brief that was filed into the Supreme Court; assignment of error five; **EXCESSIVE SENTENCE** pg. 11

Petitioner has successfully presented all claims that he has availed of, for this Honorable Court to address.

24

## CONCLUSION AND PRAYER

Wherefore, considering the facts and laws in favor of, Gerald W. Dahlem, who respectfully prays that this Honorable Court see the merits of his claims and finds that the error in this case is not a harmless violation of one's federal mandated constitutional rights; and ultimately reverse and remand for a new trial, granting such relief as this Honorable Court deems just and equitable.

Respectfully submitted, *Gerald W. Dahlem*

Gerald W. Dahlem # 384259
Avoyelles Correctional Center C-3 D-2
1630 Prison Road
Cottonport, La. 71327

## VERIFICATION

I, Gerald W. Dahlem, depose under the penalty of perjury, swear that all statements of fact included herein are true and correct to the best of my knowledge and belief.

DONE AND SIGNED THIS ___24___ DAY OF ___May___, 2016.

SIGNED, *Gerald W. Dahlem*.

## CERTIFICATION

I, hereby certify that I have served a copy of this Petition on the opposing counsel listed below, by placing a copy thereof in the United States postal service, on this ___16___ day of ___June___, 2016.

SIGNED, *Gerald Dahlem*.

Jeff Landry
Attorney General of Louisiana
Livingston Bldg, 1885 N. 4th St.
P.O. Box 94005
Baton Rouge, La. 70804-9005

*Attached*
*notary Sign*

25

**STATE OF LOUISIANA**

**PARISH OF AVOYELLES**

**AFFIDAVIT OF VERIFICATION**

 

**BEFORE ME**, the undersigned authority, personally appeared **GERALD DAHLEM**, who, being first duly sworn, deposed: That he is the petitioner in the above and foregoing **PETITION FOR HABEAS CORPUS RELIEF** and that all the allegations of fact made in the petition are true, except those allegations expressly made on information and belief; and that, as to these, affiant believes them to be true.

_____
**PETITIONER**

 

**SIGNED AND AFFIRMED** in the presence of:

_____
**WITNESS**

_____
**WITNESS**

 

**SWORN TO AND SUBSCRIBED** before me this **24** day of **MAY 2016**.

_____
**EX OFFICIO NOTARY**

INTO THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


CIVIL DOCKET NO. _____


GERALD W. DAHLEM

VERSUS

TROY PORET

ACTING WARDEN OF AVOYELLES CORRECTIONAL CENTER

---

**MEMORANDUM OF LAW AND ARGUMENTS IN BRIEF IN SUPPORT
OF PETITION/APPLICATION FOR HABEAS CORPUS RELIEF**

---

Respectfully Submitted by;

Gerald W. Dahlem # 384259
Avoyelles Correctional Center C-3 D-2
1630 Prison Road
Cottonport, La. 71327

TENDERED FOR FILING

JUN 20 2016

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

# CONTENTS

Introduction................................................................................pg. 1

Statement of case......................................................................pg. 1,2,3

Claim One-Sixth Amendment Federal Constitutional Claim.................................pg. 4-10

Claim Two-Fifth and Fourteenth Amendment Federal Constitutional Claim..............pg. 11-16

Claim Three-Fifth Amendment Federal Constitutional Claim..............................pg. 17-18

Claim Four-Fourteenth Amendment Federal Constitutional Claim.........................pg. 19-21

Claim Five-Fifth, Sixth, and Fourteenth Amendment Federal Constitutional Claim......pg. 21-24

Conclusion and Prayer...................................................................pg. 25

Verification..............................................................................pg. 25

Certification.............................................................................pg. 25

## EXHIBITS

Exhibit A- Instant offense commitment order and court minutes for (3rd) offense
Exhibit B- Joint Stipulation
Exhibit C- Letter from Southern University Law Center
Exhibit D- Louisiana Supreme Court, ruling
Exhibit E- First Circuit Court of Appeals, ruling
Exhibit F- Rehearing and Original Brief filed by Southern University Law Center
Exhibit G- Rehearing and Original Brief filed by Petitioner

## LAW REFERENCES

United States Constitution-Fifth, Sixth, and Fourteenth Amendments

Louisiana Constitution Article 1, § 17 (A)
Louisiana Constitution Article 1, § 16
Louisiana Code of Criminal Procedure Article 782 (A)
Louisiana Code of Criminal Procedure Article 871
Louisiana Revised Statute 14:98 E (4)(a)

## TABLE OF AUTHORITIES

Listed as they chronologically appear in petition.

Duncan v. Louisiana, 391 U.S. 145, 152-53 (1968)

U.S. v. Duncan, 669 F.3d 84, 86 (2nd Cir. 2011)

U.S. v. Soderna, 82 F.3d 1370, 1378 (7th Cir. 1996)

U.S. v. Chavez, 204 F.3d 1305, 1310 (11th Cir. 2000)

Blanton v. N. Las Vegas, 489 U.S. at 542

U.S. v. Mendez, 102 F.3d 126, 131 (5th Cir. 1996)

Singer v. U.S., 380 U.S. 24, 36 (1965)

U.S. v. Gonzalez, 420 F.3d 111, 131-33 (2nd Cir. 2005)

Ballew v. Georgia, 435 U.S. 223, 236-45 (1978)

State v. Welch, App. 1st Cir. 2013, 115 So.3d 490, 2012-1531 (La. App. 1st Cir. 3-22-13)

State v. Johnson, App. 3rd Cir. 2010, 52 So.3d 273, 2010-196 (La. App. 3rd Cir. 11-24-10)

State v. Langley, 2006-1041 (La. 5-22-07), 958 So.2d 1160

Gomez v. U.S., 490 U.S. 858, 109 S.Ct. 22, 37, 104 L.Ed.2d 923 (1989)

State v. Gibson, 391 So.2d 421 (La. 1980)

Arizona v. Fulminante, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)

Sullivan v. Louisiana, 508 U.S. at 275-85

Crane v. Kentucky, 476 U.S. 683, 690, 106 S.Ct. 2142, 2146, 90 L.Ed.2d 636 (1986)

U.S. v. Scheffer, 523 U.S. 303, 308, 118 S.Ct. 1261, 1264, 140 L.Ed. 413 (1998)

Rock v. Arkansas, 483 U.S. 44, 58, 107 S.Ct. 2704, 2712-2713, 97 L.Ed.2d 37 (1987)

Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 1196-1197, 10 L.Ed.2d 215 (1963)

Arizona v. Youngblood, 488 U.S. 51, 58, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988)

## TABLE OF AUTHORITIES CONTINUED

Simmons v. U.S., 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, (1968)

Estelle v. Smith, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981)

Chapman v. California, 386 U.S. 18, 87 S.Ct. 624, 17 L.Ed.2d 705 (1967)

State v. Westbrook, 392 So.2d 1043 (La. 1980)(on rehearing); State v. Pitre, 532 So.2d 424, 426 (La. App. 1st Cir. 1988) writ denied, 538 So.2d 590 (La. 1989)

Napue v. Illinois, 320 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959)

State v. Hart, 80 So.3d 25; (La. 4th Cir. App. 2011)

## STATEMENT BY PETITIONER

Petitioner asks this Honorable Court to adhere to Louisiana Supreme Court Justice Weimer's dissent, as Petitioner sees this as the correct ruling that should have been rendered. Petitioner also asks this Honorable Court to apply the law as written, especially when dealing with La. R.S. 14:98 E(4)(a) where it states **"shall be imprisoned at hard labor"** thereby being mandatory.

Petitioner would like to draw this Honorable Courts attention to Exhibit A, the commitment order, where Petitioner received the exact same sentence that is provided for in R.S. 14:98 E (4)(a) where it states "at least (3) three years of the sentence **shall** be imposed without benefit of suspension of sentence, probation, or parole" the exact same language is contained in the commitment order of Petitioner's sentence.

Finally, Petitioner presents that also contained in Exhibit A, are court minutes of Petitioner's (3) third offense conviction where it provides that Petitioner was sentenced to substance-abuse treatment and home-incarceration, the criteria called for to mandatorily enact R.S. 14:98 E (4)(a), evidence that was in fact presented at trial.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GERALD W. DAHLEM                           CIVIL ACTION:

      VERSUS                                NO._____

WARDEN OF AVOYELLES                        DC. DKT. 12-CR8-115995
CORRECTIONAL CENTER                        AC. DKT. 2013-KA-0577
"TROY PORET"                               SC. DKT. 2014-KO-1555

### *PRO-SE,* PETITION UNDER 28 U.S.C. § 2254
### FOR ISSUANCE OF WRIT OF HABEAS CORPUS

      Now into this Honorable Court comes, Gerald W. Dahlem, "Petitioner" and *pro-se,* an

inmate presently confined at Avoyelles Correctional Center, in Cottonport, La. 71327, who

respectfully moves this Honorable Court to grant Petitioner relief by means of issuance of

Habeas Corpus.

### STATEMENT OF CASE

(1)    The Petitioner's case derives from a felony Bill of Information filed January 9, 2012, by

the District Attorney's office, in and for the Parish of Washington. Petitioner was charged with

the following counts;

Count 1-Fourth offense driving while intoxicated, a violation of La. R.S. 14:98
Count 2-Improper lane usage, a violation of La. R.S. 32:79
Count 3-license plate light required, a violation of La. R.S. 32:304 (C)
Count 4-Driving under suspension, a violation of La. R.S. 32:415 (A)

      Petitioner was arraigned on January 17, 2012, under docket number 12-CR8-115995, at

which time the Petitioner entered a "not guilty" plea on all counts.

(2)    On April 23, 2012, Petitioner was brought to court for motions to be heard, at which time the Public Defender advised the court that he had failed to bring the file with him, and he would send somebody to get it, but, never did, a Motion to Suppress, and a Motion to Quash.

(3)    On April 30, 2012, the court denied the motion to quash and a motion for a continuance, just prior to voir dire proceedings, during which time, the court never asked the Petitioner any questions, and did not engage the Petitioner in any type of colloquy concerning the Petitioner's constitutional rights, especially his constitutionally guaranteed right to a twelve person jury, for trial.

(4)    On May 1, 2012,  the state severed counts 2-4 and elected to go to trial on count one only, the driving while intoxicated charge. At the conclusion of trial, the selected six-person jury found the Petitioner guilty as charged, the trial court then denied a Motion for a New Trial and a Motion for Post-Verdict Judgment of Acquittal. (judge's stated reason; "I sat in on the trial and heard the evidence."

(5)    On September 24, 2012, Petitioner was sentenced to (25) Twenty-five years at hard labor with (3) three years to be served without the benefit of parole, probation, or suspension of sentence. Petitioner's counsel moved for reconsideration of sentence, which the trial court also denied. Thereafter, the state filed a Multiple Offender Bill of Information, alleging the Petitioner was a (3) third felony offender. Petitioner plead not true, by counsel's advise, and a hearing was scheduled.

(6)    On October 29, 2012, a hearing was conducted on the Multiple Offender Bill of Information, where upon, Petitioner admitted to the allegations in the Bill. The trial court after considering the factors set forth in La.C.Cr.P. art 894.1 (the sentencing guidelines) and other evidence in the case, vacated its original sentence and sentenced the Petitioner to (25) Twenty-

five years at hard labor without the benefit of probation or suspension of sentence under the Habitual Offender law, La. R.S. 15:529.1.

(7)     Petitioner timely appealed to the Court of Appeal, First Circuit, under docket number 2013-KA-0577, raising five assignments of error, both counseled and pro-se, appointed counsel Mary Roper with the **"Louisiana Appellate Project."**

(8)     Following the First Circuit Court of Appeals ruling, a denial rendered on June 18, 2014, Petitioner timely filed a motion/application for re-hearing, of which, was denied on July 22, 2014.

(9)     Thereafter, Petitioner filed a timely Supervisory Writ of Judicial Review into the Louisiana Supreme Court, under docket number 2014-KO-1555, certiorari was granted March 27, 2015, with instructions that the review would be limited to the jury composition issue only.

At this point in time, the Louisiana Supreme Court appointed Virginia B. Listach, a "professor" with the **"Southern University Legal Clinic"** as counsel to represent the petitioner.

(10)     On March 15, 2016, the Louisiana Supreme Court, on writ of certiorari to the Court of Appeal, First Circuit, affirmed the Petitioner's conviction and sentence under docket no. 2014-KO-1555.

(11)     Petitioner then timely filed a motion/application for a re-hearing, pursuant to Rule IX Section 1 of the rules of the Supreme Court of Louisiana.

(12) Rehearing was denied by the Louisiana Supreme Court on *March 15, 2016* , thereby exhausting Petitioner's state remedies on direct appeal.

It is from these foresaid proceedings and decisions, that this instant petition/application for writs, follow, seeking entitled Federal Habeas relief.

3

## CLAIM ONE

### SIXTH AMENDMENT CONSTITUTIONAL CLAIM RAISED

Petitioner was denied a fair trial,  and an impartial jury, when six of the constitutionally mandated jurors were absent, during the entire trial proceedings. Petitioner was constitutionally guaranteed a twelve person jury, in a prosecution for a serious crime/charge, a jury that would promote accuracy and fully represent minority views in the community.

### ARGUMENT

### IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIM RAISED

Under the Sixth Amendment, criminal defendants have a right to a fair trial by an impartial jury, drawn from the state and district in which the crime allegedly occurred. U.S. Const. amend. VI; see also; U.S.Const. art. III, § 2, cl. 3; *Duncan v. Louisiana*, 391 U.S. 145, 152-53 (1968); Fed.R.Crim.P. 23 (a) ("[I]f defendant is entitled to a jury trial, it must be by jury unless defendant waives jury trial in writing, government consents, and court approves.") The right to a jury trial exists only in prosecutions for serious crimes, as distinguished from petty offenses. Duncan, 391 U.S. at 159-61. In determining whether a crime is "serious" for Sixth Amendment purposes, courts look to the severity of the maximum authorized penalty. U.S. v. Duncan, 669 F.3d 84, 86 (2nd Cir. 2011); *U.S. v. Soderna*, 82 F.3d 1370, 1378 (7th Cir. 1996); *U.S. v. Chavez*, 204 F.3d 1305, 1310 (11th Cir. 2000). Any crime that could be punished by a prison sentence greater than six-months triggers the right to a jury trial, even if the sentence imposed is less than six-months. *Blanton v. N. Las Vegas*, 489 U.S. at 542; *Duncan*, 391 U.S. at 161-62.

A defendant may waive the right to a jury trial, and likewise, also may be able to waive jury composition and unanimity right, provided; first, the defendant is made aware that such right exist; second, obtain the court's approval and the government's consent; third, waiving the right voluntarily; fourth, expressing the waiver knowingly and intelligently; fifth, recording the waiver in writing. *U.S. v. Mendez*, 102 F.3d 126, 131 (5th Cir. 1996): *Singer v. U.S.*, 380 U.S. 24, 36 (1965): *U.S. v. Gonzalez*, 420 U.S. 111, 131-33 (2nd Cir. 2005). See also *Ballew v. Ga.*, 435 U.S.223, 236-45 (1978). As noted by the Supreme Court in *Ballew v. Georgia, supra,* 435 U.S. at 242, 98 S. Ct. at 1040.

Pg.3, "In recognition of these factors, Art. 1, §17 [of the 1974 Louisiana Constitution] represents a considered determination that, as the consequences of convictions stiffen, so should the defendant's procedural safeguards."

In the case *sub judice*, Petitioner was improperly tried before a six-person petit jury for a case necessarily punishable by hard labor, where the Louisiana Constitution and the Louisiana Code of Criminal Procedure specifically stipulate:

**Louisiana Constitution, Art. 1, § 17 provides;**

A case in which the **punishment is necessarily** confinement **at hard labor** shall be tried before a jury of **twelve persons**, ten of whom must concur to render a verdict. A case in which the punishment may be confinement at hard labor shall be tried before a jury of six persons, all of whom must concur to render a verdict.

**Louisiana Code of Criminal Procedure Art. 782 (A) provides also;**

Cases in which **punishment is necessarily** confinement **at hard labor** shall be tried by a jury composed of **twelve jurors**, ten of whom must concur to render a verdict. Cases in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict.

Here, after a six-member jury found Petitioner guilty, Petitioner was sentenced to (25) twenty-five years at hard labor, with (3) three years without the benefit of suspension of sentence, probation, or parole; pursuant to **La. R.S. 14:98 (E)(4)(a)** – Dahlem, 2013-0577, pg.3; 148 So.3d at 591. See also Exhibit A: Commitment Order.

At the time of commission of the offense and trial, Louisiana Revised Statute 14:98 (E)(4)(a) provided that:

**La. R.S. 14:98 (E)(4)(a) Driving While Intoxicated;**

If the offender has previously been required to participate in substance abuse treatment and home-incarceration pursuant to subsection D of this section, the offender shall not be sentenced to substance abuse treatment and home-incarceration for a fourth or subsequent offense, but **shall be imprisoned at hard labor** for not less than ten nor more than thirty years, and at least (3) three years of the sentence shall be imposed without benefit of suspension of sentence, probation, or parole. **Id. (emphasis added)**

Petitioner was sentenced to the criteria of subsection D, for his (3rd) third offense DWI.

The Louisiana Supreme Court ruling quickly pointed out that, "Petitioner did not object during the selection of the jury, participated in the selection of the six-person jury, and failed to file a motion in arrest of judgment at the trial court level," however, what the Supreme Court failed to point out in it's ruling, is that, the record at petitioner's arraignment, failed to show, at anytime, did the trial court judge, district attorney, or defense counsel, inform the Petitioner about exercising his constitutional right to trial by jury instead of a judge trial, or, that Petitioner knowingly, intelligently, and voluntarily waived his right to a twelve-person jury, and decided on the alternative choice of a six-person jury. *Petitioner was not read his rights to judge or jury trial.*

**Louisiana Constitution, Art. 1, §17, in pertinent part also provides that;**

" a defendant may knowingly and intelligently waive his

right to a trial by jury, but, no later than forty-five days prior to the

trial date and the waiver shall be irrevocable."

Using this reasoning, the defendant can waive his right to a six-person jury and elect to go to trial by a one-person judge. This should also have the same effect, to a waiver of a twelve-person jury, to a six-person jury for trial, *via* jury composition, which can also be done no later than forty-five days prior to the trial date. Questionable is how did the Petitioner waive his constitutionally protected and/or guaranteed right, to a twelve-person jury trial, on the day of trial?

The waiver of a criminal defendant's right to be tried by a jury of (12) twelve-persons is not presumed; there operates, in fact, a presumption against such waiver which must be rebutted. *State v. Welch*, App. 1st Cir. 2013, 115 So.3d 490, 2012-1531 (La. App. 1st Cir. 3-22-13).

In *State v. Johnson*, App. 3rd Cir. 2010, 52 So.3d 273, 2010-196 (La. App. 3rd Cir. 11-24-10,) identical to the case at issue, the defendant had previously been required to participate in

7

substance abuse treatment and home-incarceration following a conviction for Driving While Intoxicated (DWI) Fourth Offense, was subject to a mandatory sentence of confinement at hard labor for a second such conviction, and thus, because state constitution mandated that any case in which the punishment was necessarily confinement at hard labor, be tried by a jury of (12) twelve-persons, defendant's subsequent conviction by a jury of six-persons for DWI, Fourth Offense was null. Ruled: **Error Patent on the Face of the Record**

The violation of Petitioner's constitutional right when he was denied a twelve-person jury and instead was subjected to a six-person jury affected the structure of the trial composition. Petitioner's constitutional violation manifestly is structural in nature for the following (3) three reasons:

1. **The duration of the violation was through the entirety of the district court trial.**

2. **The ruling of the six absent triers of fact at the jury trial cannot be deduced based on a possibility of what they probably would have ruled.**

3. **The infringement of this error is such an intimate and personal infringement of his constitutional right that qualifies as a separate standard of structural error or conforms to the narrow framework of a current structural error.**

Through the Supreme Court's analysis in ***State v. Langley***, 2006-1041 (La. 5-22-07), 958 So.2d 1160, the court clarified that it is clear and evident that a "structural error, by its very nature impacts the entire framework of the trial from beginning to end without reference to any other trial consideration." ***Langley***, 958 So.2d at 1168.

As the Supreme Court's illustration in ***Langley***, Louisiana has adopted the Supreme Court ruling in ***Gomez v. United States***, 490 U.S. 858, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989).

In *Gomez*, the Supreme Court found that a criminal trial begins at the onset of the voir dire process. *Gomez*, 490 U.S. at 876.

The United States Supreme Court found that "among the basic fair trial rights that can never be treated as harmless is a defendant's right to an impartial adjudicator, be it judge or jury." **Id.**

The Supreme Court in *Langley*, further rectified the state appellate court's preceding interpretation of *Gomez* by clarifying that the absence of the trier of fact must be undoubtedly during a critical point of the trial – such as voir dire – to constitute a structural error. Following *Gomez* the adjudicator cannot be absent for the entirety of a critical proceeding.

In this case, Petitioner's first point alone substantiates a structural error analysis. Petitioner began trial at the voir dire proceedings wherein there was a selection of a six-person jury. Throughout the entirety of the trial from beginning to end, and with all critical points, six of the twelve constitutionally mandated triers of fact were absent and unable to rule or deliberate on the proceedings. Adhering to the Supreme Court's previous rulings, this is a structural defect at the level that infects the trial mechanisms as a whole and would therefore be a structural error.

In reference to Petitioner's second point, the state argues that the trial evidence presented and the unanimity of the ruling of the jurors negates any error present.

However, in *State v. Gibson*, 391 So.2d 421 (La. 1980), the Supreme Court identified that while jurisdiction extends to questions of law in evaluating convictions based on constitutional errors to determine harmlessness, "... it does not permit a court to substitute for the verdict its judgment of what the jury *would* or *should* have decided in the absence of the error." *Gibson*, 391 So.2d at 427.

9

Through the Supreme Court's progressive adaptation of United States Supreme Court cases it has adopted the narrow interpretation of structural error set forth in *Arizona v. Fulminante*, 499 U.S. 279, 111 S.Ct. 1246, 113 L.ED.2d 302 (1991).

The states claim of harmless error is fundamentally erroneous. The state is asking this Honorable Court, as it did the Louisiana Supreme Court, to place themselves as the six absent triers of fact and to determine a ruling. Here, the wrong entity would become the triers of fact.

The constitutional error in this case directly correlates to the Louisiana Supreme Court's adoption of *Chapman's* six structural errors. In particular, the six prong of "defective reasonable doubt" deemed a structural error in *Sullivan v. Louisiana*, 508 U.S. at 275-85. In **Sullivan**, the United States Supreme Court recognized that an incorrect jury instruction omitting that the conviction is "beyond a reasonable doubt" is a structural error which is separate and distinct from previously ruled harmless trial errors conducted during jury instructions. *Sullivan*, 508 U.S. at 280. In particular, the United States Supreme Court identified that:

> "Denial of the right to a jury verdict of guilt beyond a
> reasonable doubt is certainly a [structural error], the jury guarantee
> being a 'basic protection' whose precise effects are immeasurable
> but without which a criminal trial cannot reliably serve its
> function." *Sullivan*, 508 U.S. at 281.

While jury instructions are not at issue in the present case, Petitioner was clearly deprived his basic protection of a jury trial when six of the twelve constitutionally guaranteed jurors were absent throughout the entire proceedings of the case and as such there was not a twelve-person verdict of guilt beyond a reasonable doubt. The verdict in this case is therefore constitutionally flawed.

## CLAIM TWO

### FIFTH AND FOURTEENTH AMENDMENT CONSTITUTIONAL CLAIMS RAISED

Petitioner was tried by a six-person jury when the Louisiana Constitution and the Louisiana Code of Criminal Procedure, mandated that the Petitioner was to be tried by a jury of twelve-persons, thereby violating his due process rights to be informed, along with his right to be heard, by the six absent triers of fact.

### ARGUMENT I

### IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIMS RAISED

The District Attorney is solely obligated and responsible for the mode of trial, and is directed in doing so, by the statutes and articles embodied within the Louisiana Constitution Article 1, §17 (A) and the Louisiana Code of Criminal procedure Article 782, with guidelines of which also dictate and restrict certain actions, such as (jury composition).

A process that should have been infallible, due to the provisions of statutes and articles as foresaid, along with Louisiana Revised Statute 14:98 (E)(4)(a) relative to Driving While Intoxicated. The (3) three references of law that strictly adhere to this issue alone.

The District Attorney and the Court, passed a threshold at the conclusion of arraignment proceedings, where upon, prior to entering any plea, the Court was required to inform and warn the Petitioner of all his constitutional rights, something, that from review of the record, cannot be availed of.

United States Supreme Court has expanded due process of law, as it is embodied within the Fifth Amendment to the Constitution of the United States to include; the right of an accused to be warned of constitutional rights at the earliest stage of the criminal process. "Most certainly at the point in time where the state would have been made aware of the Petitioner's

11

constitutionally protected and guaranteed right to a twelve-person jury for trial," which would require a knowing and intelligent waiver of this right, executed by the Petitioner.

The District Attorney should not be assured, by an affirmation of conviction, that infringes upon the constitutionally protected rights of the Petitioner. The District Attorney did not have the discretion or the choice of whether he would prosecute under R.S 14:98 E(1)(a) or E(4)(a), as this pertains to sentencing guidelines, that strictly adhere to the sentencing judge.

The (3) three aforementioned references of law dictate and restrict this type of action; evidence that the state knew they had and were going to present it at trial, prior to trial, made it mandatory, not by discretion or choice. Evidence that was well known prior to any stage of the proceedings, even at the point of filing a Bill of Information, due to the fact that Petitioner's (3rd) third offense DWI conviction was listed in the Bill, and was evident that the conviction was obtained in the very same jurisdiction, parish, and courthouse. The state had this evidence and knew it well before trial, because the state violated Petitioner's probation on his (3rd) third offense DWI, on January 26, 2012, just (9) nine days after his arraignment, on January 17, 2012, in the very same courtroom. For the District Attorney to have this evidence and know it, shows that he acted in bad faith, waiting until the day of trial to present it, also knowing it would in fact contradict his type of jury selection. (six-person jury, when twelve were required)

A structural error of this magnitude is devastating to the trial process and the verdict rendered; this structural error by itself, violated the essential protections of the due process clause of the Louisiana Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

Petitioner should not have to suffer at the hands of the District Attorney alone, one who's responsibility, obligation, and ethical duty was to ensure a fair trial. This type of inaction tainted

the entire trial process, by not empanelling the correct number of jurors, mandated and dictated by law; but instead, empanelled jurors that were forced to render a constitutionally flawed verdict.

**A structural error that was solely created, by the District Attorney alone.**

"The guarantee of procedural fairness which flows from both the Fifth and Fourteenth Amendments due process clauses of the constitution; stipulate that minimal procedural due process is that parties whose rights are to be affected are entitled to be heard; here, Petitioner was only heard by half the fact finders, mandated by law.

## ARGUMENT II

### IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIM RAISED

Petitioner now raises a claim that is so basic, that he feels that it can be raised for the first time on application for writ of habeas corpus; and the fact that the Louisiana Supreme Court upon granting certiorari, limited his direct appeal to the jury composition only, then went outside the bounds of their instructions, and denied Petitioner relief, based on the multiple offender adjudication.

Petitioner would like to draw this Honorable Court's attention to the court minutes of April 23, 2012, where upon proceedings, a motion to quash and a motion to suppress were filed prior to the proceedings, and continued, On April 30, 2012, the court minutes reflect that the motion to quash was denied, but, the court minutes are void of any such action taken on the motion to suppress. No action what so ever was taken on the motion to suppress, thereby, violating Petitioner's Fifth, Sixth, and Fourteenth Amendment rights; right to be heard, due process, and a fair trial.

While the constitution guarantees criminal defendant's a meaningful opportunity to present a complete defense, *Crane v. Kentucky*, 476 U.S. 683, 690, 106 S.Ct. 2142, 2146, 90 L.Ed.2d 636 (1986), federal courts have long recognized that the states have broad latitude under the constitution to establish rules excluding evidence from criminal trials and "[s]uch rules will not abridge an accused's right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve'" *United States v. Scheffer*, 523 U.S. 303, 308, 118 S.Ct. 1261, 1264, 140 L.Ed. 413 (1998) (quoting *Rock v. Arkansas*, 483 U.S. 44, 58, 107 S.Ct. 2704, 2712-2713, 97 L.Ed.2d 37 (1987). As a general rule, federal habeas relief is not warranted based upon state evidentiary rulings unless the ruling is so egregious that it results in a denial of fundamental fairness, thereby, violating due process.

Here, in case *sub judice*, the Petitioner was not given the opportunity to present a complete defense, in fact he was not given the opportunity to be heard, on the motion to suppress, so egregiousness could not be determined, resulting in a denial of fundamental fairness, thereby violating due process, right to be heard, and a fair trial.

Petitioner brings forth this claim now, to see if this Honorable Court will address this matter also, but if there is any controversy over this matter being addressed now, Petitioner wishes to withdraw this portion of his claims.

## ARGUMENT III

## IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIMS RAISED

Petitioner brings forth another claim that is so basic, that he feels that it can be addressed for the first time on application for writ of habeas corpus; plus the fact that the Louisiana Supreme Court limited his direct appeal to the jury composition error, then went outside the

bounds of there instructions, and denied Petitioner by addressing the Multiple Offender adjudication, thereby, expanding the record, of such direct appeal.

Petitioner would like to draw this Honorable Court's attention to pg.13 of the chronological order of the record, a joint stipulation that was signed by both the Defense Counsel and the Assistant District Attorney, but not by the judge. Without the judge's signature this joint stipulation cannot be considered satisfied. This joint stipulation was introduced at arraignment proceedings on January 17, 2012, then, filed into the clerk of court's office on January 18, 2012.

In this joint stipulation, it stipulates that the undersigned Assistant District Attorney (Lewis Murray III) has provided a copy of the entire file in this matter to the defendant. The State agrees to provide to the defense any additional file material subsequently obtained.

This is a contradicting document, as it goes on to say, "The State agrees to produce all exhibits and evidence for inspection to the defendant upon reasonable notice and request."

As aforementioned, the State agreed to provide to the defense any additional file material subsequently obtained. See. Exhibit B joint stipulation, file material; [the plea agreement for defendant's (3rd) third offense DWI, where it stipulates that the defendant participated in substance abuse treatment and home-incarceration, as it is also considered additional file material.]

Here, the Assistant District Attorney made an agreement to provide to the defendant any additional file material, but failed to do so, and waited until the day of trial to present evidence that was cumulative to Petitioner's guilt and punishment. The complete record of Petitioner's (3rd) third offense DWI, evidence that was exculpatory to Petitioner's defense, in the sense that, had defense counsel known of this cumulative exculpatory evidence prior to trial, he would have insisted on protecting the Petitioner's constitutionally guaranteed right to a twelve-person jury.

15

Therefore, Assistant District Attorney (Lewis Murray III) violated due process by not fully disclosing all evidence [file material] related to Petitioner's guilt and **punishment**.

Due process requires that the state provide a defendant with any exculpatory evidence in its possession which is material to the defendant's guilt or **punishment,** regardless the good faith or bad faith of the prosecutor.  [46,395 La. App. 2nd Cir. 12] *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 1196-1197, 10 L.Ed.2d 215 (1963). Where a defendant claims that his due process rights have been violated due to the state's failure to preserve potentially useful evidence, the defendant has the burden of showing that the state acted in bad faith. *Arizona v. Youngblood*, 488 U.S. 51, 58, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988).

Petitioner admits that this is not a preservation claim, but is a presentation claim. The Assistant District Attorney had knowledge of this material evidence, that he knew he was going to present at trial, well prior to trial, and withheld this evidence until the day of trial, thereby, acting in bad faith, because the Assistant District Attorney knew this exculpatory material evidence would in fact invoke Petitioner's constitutional right to a twelve-person jury for trial.

Regardless of any type of arguments concerning this issue, by law the evidence that was in fact produced at trial made it a statutorily mandated action that twelve jurors would have to be empanelled, to decide this case.

Thereby violating Petitioner's due process rights both the Fifth and Fourteenth Amendment rights to the United States Constitution of America.

Petitioner again has concerns of whether or not this Honorable Court can address this matter also at this time, as Petitioner stated in his prior argument if there is in fact any controversy over this matter being addressed now, Petitioner would in fact like to withdraw this portion of his claims.

## CLAIM THREE

### FIFTH AMENDMENT CONSTITUTIONAL CLAIM RAISED

The Louisiana Supreme Court's affirmation of the First Circuit Court of Appeals decision has conclusively violated Petitioner's Fifth Amendment rights to the Constitution of the United States and the Louisiana Constitution Art. 1,§ 16, right to remain silent and right against self-incrimination.

### ARGUMENT I

### IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIM RAISED

The Supreme Court's affirmation has erroneously implied that the Petitioner "acquiescenced" in picking the jury, by remaining silent.

Here, the Supreme Court has taken a constitutional right (the right to remain silent) and conclusively used it against the Petitioner involuntarily, to violate his constitutional right against self-incrimination, by implied "acquiescence," thus committing a type of double standard, constitutional violation. The Supreme Court has taken the exercise of this right to remain silent and conclusively used it against the Petitioner, to the extent that this action waived one of the petitioner's other constitutional rights, (right to a twelve-person jury for trial). The Supreme Court therefore has conclusively compelled the Petitioner to involuntarily incriminate himself by implied waiver of a constitutional right, due to such action.

Citing, *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, (1968) of which in pertinent part states; Under these circumstances, the court found it "intolerable that one constitutional right should have to be surrendered in order to assert another." **Id.**

The right against self-incrimination does not depend on nature of proceedings, (i.e. voir dire proceedings.)

17

The protection of the Fifth Amendment is much broader than that contemplated by the prosecution. See *Estelle v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). Article 1,§ 16 of the Louisiana Constitution provides; "No person shall be compelled to give evidence against himself."

The evidence here is presumed by implied "acquiescence" something the state has conclusively presumed against the Petitioner in order to deny him his constitutional right to a twelve-person jury for trial. In order to "acquiescence" one has to knowingly, know, what one is acquiescence to, something that cannot be established here, due to a silent record. At no point in time did the court inquire of the Petitioner about his knowledge concerning his constitutional rights, especially his constitutionally protected and guaranteed right to a twelve-person jury for trial.

Instead, the courts have used Petitioner's silence to incriminate himself in any such type of judicial review, by stating that he "waived" this constitutionally protected and guaranteed right by remaining silent.

Its just not judicially or ethically acceptable to believe that ones silence can be used against him, to deny one of their constitutionally protected and guaranteed right, this is not due process of law.

The courts are trying to imply that one would have to break their constitutional right of silence, (in order to object) to receive the benefits of their constitutionally protected and guaranteed right to a twelve-person jury for trial.

As aforementioned in *Simmons v. United States*, it is "intolerable that one constitutional right should have to be surrendered in order to assert another." This violates Petitioner's right to remain silent, right against self-incrimination, and due process.

## CLAIM FOUR

### FOURTEENTH AMENDMENT CONSTITUTIONAL CLAIM RAISED

In the Louisiana Supreme Court ruling, the Supreme Court has conclusively denied Petitioner the essential protections of the due process clause of the Louisiana Constitution along with the (14th) Fourteenth Amendment to the United States Constitution.

### ARGUMENT I

### IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIMS RAISED

By finding that the Multiple Offender Bill of Information and the subsequent enhanced sentence in this case moots the jury composition issue, the Supreme Court has effectively denied Multiple Offenders the essential protections of the due process clause of the Louisiana Constitution along with the (14th) Fourteenth Amendment to the United States Constitution. U.S. Const. Amend. XIV, § 1; La. Const. Art. 1, § 2. See Letter, Exhibit C, Southern University Law Center.

In the Louisiana Supreme Court's ruling they have conclusively and erroneously affirmed a Habitual Offender adjudication that is based upon an unconstitutional conviction. It does not matter whether the judge viewed the evidence or not, the evidence of Petitioner's previous (3rd) third offense DWI conviction revealed that Petitioner had participated in substance abuse treatment and home-incarceration, therefore Petitioner was required to be tried by a twelve-person jury. The judge is also bound by the laws of our state, just like the district attorney, and therefore it was in fact mandatory by statutory provisions and guidelines that petitioner was to be tried by a twelve-person jury.

So, with that being said, no matter what the judge or district attorney did, it still does not change the law: **R.S. 14:98 E(4)(a) "shall be imprisoned at hard labor"**

19

Furthermore, the Habitual Offender adjudication is unconstitutional because it is based on a constitutionally infirm conviction and therefore cannot moot the previous unconstitutional twelve-person jury issue.

You cannot take a unlawful proceeding and further it to another proceeding, it still becomes unlawful, because it is based on the first unlawful proceeding.

Due process would have dealt with the direct appeal first, a proceeding that lead to the Habitual Offender adjudication, to correct any error present in the proceedings. If this error would not have been present, then there might not have been any Habitual Offender adjudication, because the Petitioner just might have been freed, if the other six absent jurors would have deliberated and came back with a not guilty verdict.

Now, if you are thinking that is impossible, then the wrong entity is passing judgment upon the Petitioner, instead of the six missing jurors. Remember, these arguments are not about the Petitioner's innocence or guilt, but about him receiving a fair trial.

As stated in the application for a rehearing in the Louisiana Supreme Court brief filed by the Petitioner:

Louisiana's harmless error rule is set forth in La.C.Cr.P. art. 921. In *State v. Gibson*, 391 So.2d 421 (La. 1980), the Louisiana Supreme Court adopted the federal harmless error rule, as stated and applied in *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 624, 17 L.Ed.2d 705 (1967), as the standard most compatible with its view of its own criminal appellate jurisdiction, noting that *Chapman's* rule is "more consistent with the notion that all accused persons are entitled to a fair trial, even if guilty." *Gibson, supra,* at 927.

Petitioner now moves own to address the claims that he made in the petition of Judicial Review that was filed into the Supreme Court, although the Supreme Court limited their review to the jury composition only, Petitioner deems that it is only fair, for him to bring the additional claims to light, due to the fact that he was denied relief by the Louisiana Supreme Court.

## CLAIM FIVE

### FIFTH, SIXTH, AND FOURTEENTH AMENDMENT CONSTITUTIONAL CLAIMS RAISED

Louisiana Supreme Court ruling has overlooked an unconstitutional predicate conviction for the purpose of enhancement of Petitioner's instant conviction, thereby violating Petitioner's right to a fair trial and due process.

### ARGUMENT I

### IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIM RAISED

The Louisiana Supreme Court has affirmed a unconstitutional conviction for enhancement of Petitioner's instant offense. The predicate offense is unconstitutional in several aspects, for the following reasons to which:

**Pursuant to La.C.Cr. P. Art. 871, Sentence defined; pronouncing and recording of sentence; certification of conviction, of which in pertinent part provides:**

B.      (1)(a) "In every judgment of guilty of a felony or of one of the misdemeanors enumerated in Subparagraph (2) of this Paragraph, the sheriff shall cause to be attached to the Bill of Information or Indictment the fingerprints of the defendant against whom such judgment is rendered."

(b)(i) "Beneath such fingerprints shall be appended a certificate to the following effect;

21

"I hereby certify that the above and foregoing fingerprints on this bill are the fingerprints of the defendant, and that they were placed thereon by said defendant this _____ day of _____, _____."

(2) "In addition to judgments of guilty of a felony, the sheriff shall cause the fingerprints of the defendant to be so attached for every judgment of guilty of the following misdemeanors"

(2)(a) "First or second offense operating a vehicle while intoxicated in violation of R.S. 14:98."

Here the Petitioner has shown that the alleged conviction of Jefferson Parish that was used to enhance is not certified and therefore should not be allowed to be used as a predicate offense, it is unconstitutional in nature, due to the provisions of **La.C.Cr.P. Art. 871**.

Constitutional is deemed a complete structure; here the Petitioner has in fact shown the deficiency of such conviction; if this article is not required then why is it mandated within the La.C.Cr.P. Art 871?

Furthermore, the Petitioner sets forth additional claims as to the constitutionality of such predicate conviction, as listed below;

1. Copy of the Bill of Information is unsigned by the Petitioner, no finger prints, no photographs, and no certified signature by the clerk of court, it also contains the wrong driver's license number.

2. The extract of minutes contains the wrong diver's license number and is not signed by anyone at all, not even the minute clerk.

3. The waiver of constitutional rights form contains no initials by the alleged waived rights as required, and has no fingerprints, or certified signature of the Petitioner.

The mere fact that the Petitioner has the same name does not constitute sufficient evidence of identity. See. *State v. Westbrook*, 392 So.2d 1043, 1045 (La. 1980)(on rehearing); *State v. Pitre*, 532 So.2d 424, 426 (La. App. 1st Cir. 1988) writ denied, 538 So.2d 590 (La. 1989). See. Also Assignment of Error Two in original brief filed into the Louisiana Supreme Court by Petitioner.

## ARGUMENT II

## IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIM RAISED

The State allowed a probation officer to testify that he knows that this was in fact the petitioner's prior conviction, when in fact this conviction was allegedly committed in the year of 2000, when in fact the Petitioner had never met this probation officer until after he was arrested for the instant offense, in 2012, (12) twelve years later.

The State further allowed this probation officer to commit perjury on the stand while testifying that docket number **F1360-18** that is listed in the bill of information, was identical to documents from Jefferson Parish that listed docket number **F-13560-18**, these docket numbers are not identical.

When a prosecutor allows a State Witness to give false testimony without correction, a conviction obtained as a result of that testimony must be reversed, if the witness's testimony could have reasonably affected the verdict, even though the testimony may be relevant to the credibility of the witness. Further more, fundamental fairness to the accused, i.e. Due Process is offended when the State, although not knowingly soliciting false evidence, allows it to go uncorrected as it appears. When false testimony has been given under such circumstances, the Petitioner is entitled to a new trial, unless there is no reasonable likelihood that the alleged false testimony could have reasonably affected the outcome.

Without the false testimony of this probation officer, Petitioner would not have been identified as the offender in the predicate conviction that was used to enhance his instant conviction, and therefore would not have been subjected to a fourth offense DWI, but only a third offense, thereby changing the outcome. See. *Napue v. Illinois*, 320 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). See. Also *State v. Hart*, when accepting testimony of a previously executed plea agreement.

## ARGUMENT III

## IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIM RAISED

Petitioner at this time would like to assert his claims in his respectfully submitted Writ of Judicial Review filed into the Louisiana Supreme Court, but Petitioner is out of space in order to argue these claims. Therefore, Petitioner request that this Honorable Court address his assignment of error number four; **INVALID PREDICATE USED FOR HABITUAL OFFENDER ADJUDICATION.** Pg. 10

## ARGUMENT IV

## IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIM RAISED

Petitioner at this time would also like to assert his final claim in the brief that was filed into the Supreme Court; assignment of error five; **EXCESSIVE SENTENCE** pg. 11

Petitioner has successfully presented all claims that he has availed of, for this Honorable Court to address.



## CONCLUSION AND PRAYER

Wherefore, considering the facts and laws in favor of, Gerald W. Dahlem, who

respectfully prays that this Honorable Court see the merits of his claims and finds that the error

in this case is not a harmless violation of one's federal mandated constitutional rights; and

ultimately reverse and remand for a new trial, granting such relief as this Honorable Court deems

just and equitable.

Respectfully submitted, *Gerald W. Dahlem*

Gerald W. Dahlem # 384259
Avoyelles Correctional Center C-3 D-2
1630 Prison Road
Cottonport, La. 71327

## VERIFICATION

I, Gerald W. Dahlem, depose under the penalty of perjury, swear that all statements of

fact included herein are true and correct to the best of my knowledge and belief.

**DONE AND SIGNED THIS** _24_ **DAY OF** _May_____, **2016.**

SIGNED, *Gerald W. Dahlem*

## CERTIFICATION

I, hereby certify that I have served a copy of this Petition on the opposing counsel listed

below, by placing a copy thereof in the United States postal service, on this _16_ day

of _June_____, 2016.

SIGNED, *Gerald Dahlem*

Jeff Landry
Attorney General of Louisiana
Livingston Bldg, 1885 N. 4th St.
P.O. Box 94005
Baton Rouge, La. 70804-9005

*Attached*
*Notary Sign*

25

**STATE OF LOUISIANA**

**PARISH OF AVOYELLES**

**AFFIDAVIT OF VERIFICATION**

**BEFORE ME**, the undersigned authority, personally appeared **GERALD DAHLEM**, who, being first duly sworn, deposed: That he is the petitioner in the above and foregoing **PETITION FOR HABEAS CORPUS RELIEF** and that all the allegations of fact made in the petition are true, except those allegations expressly made on information and belief; and that, as to these, affiant believes them to be true.

_____
**PETITIONER**

**SIGNED AND AFFIRMED** in the presence of:

_____
**WITNESS**

_____
**WITNESS**

**SWORN TO AND SUBSCRIBED** before me this **24** day of **MAY 2016**.

_____
**EX OFFICIO NOTARY**

INTO THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CIVIL DOCKET NO. _____

GERALD W. DAHLEM

VERSUS

TROY PORET

ACTING WARDEN OF AVOYELLES CORRECTIONAL CENTER

---

## MEMORANDUM OF LAW AND ARGUMENTS IN BRIEF IN SUPPORT OF PETITION/APPLICATION FOR HABEAS CORPUS RELIEF

---

Respectfully Submitted by;

Gerald W. Dahlem # 384259
Avoyelles Correctional Center C-3 D-2
1630 Prison Road
Cottonport, La. 71327

TENDERED FOR FILING

JUN 20 2016

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

## **CONTENTS**

Introduction……………………………………………………………………………….pg. 1

Statement of case…………………………………………………………………...pg. 1,2,3

Claim One-Sixth Amendment Federal Constitutional Claim……………………………pg. 4-10

Claim Two-Fifth and Fourteenth Amendment Federal Constitutional Claim…….……...pg. 11-16

Claim Three-Fifth Amendment Federal Constitutional Claim…………………………..pg. 17-18

Claim Four-Fourteenth Amendment Federal Constitutional Claim……………………...pg. 19-21

Claim Five-Fifth, Sixth, and Fourteenth Amendment Federal Constitutional Claim…...pg. 21-24

Conclusion and Prayer……………………………………………………………..pg. 25

Verification………………………………………………………………………...pg. 25

Certification………………………………………………………………………..pg. 25

## **EXHIBITS**

Exhibit A- Instant offense commitment order and court minutes for (3rd) offense
Exhibit B- Joint Stipulation
Exhibit C- Letter from Southern University Law Center
Exhibit D- Louisiana Supreme Court, ruling
Exhibit E- First Circuit Court of Appeals, ruling
Exhibit F- Rehearing and Original Brief filed by Southern University Law Center
Exhibit G- Rehearing and Original Brief filed by Petitioner

## **LAW REFERENCES**

United States Constitution-Fifth, Sixth, and Fourteenth Amendments

Louisiana Constitution Article 1, § 17 (A)
Louisiana Constitution Article 1, § 16
Louisiana Code of Criminal Procedure Article 782 (A)
Louisiana Code of Criminal Procedure Article 871
Louisiana Revised Statute 14:98 E (4)(a)

i

## TABLE OF AUTHORITIES

Listed as they chronologically appear in petition.

Duncan v. Louisiana, 391 U.S. 145, 152-53 (1968)

U.S. v. Duncan, 669 F.3d 84, 86 (2nd Cir. 2011)

U.S. v. Soderna, 82 F.3d 1370, 1378 (7th Cir. 1996)

U.S. v. Chavez, 204 F.3d 1305, 1310 (11th Cir. 2000)

Blanton v. N. Las Vegas, 489 U.S. at 542

U.S. v. Mendez, 102 F.3d 126, 131 (5th Cir. 1996)

Singer v. U.S., 380 U.S. 24, 36 (1965)

U.S. v. Gonzalez, 420 F.3d 111, 131-33 (2nd Cir. 2005)

Ballew v. Georgia, 435 U.S. 223, 236-45 (1978)

State v. Welch, App. 1st Cir. 2013, 115 So.3d 490, 2012-1531 (La. App. 1st Cir. 3-22-13)

State v. Johnson, App. 3rd Cir. 2010, 52 So.3d 273, 2010-196 (La. App. 3rd Cir. 11-24-10)

State v. Langley, 2006-1041 (La. 5-22-07), 958 So.2d 1160

Gomez v. U.S., 490 U.S. 858, 109 S.Ct. 22, 37, 104 L.Ed.2d 923 (1989)

State v. Gibson, 391 So.2d 421 (La. 1980)

Arizona v. Fulminante, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)

Sullivan v. Louisiana, 508 U.S. at 275-85

Crane v. Kentucky, 476 U.S. 683, 690, 106 S.Ct. 2142, 2146, 90 L.Ed.2d 636 (1986)

U.S. v. Scheffer, 523 U.S. 303, 308, 118 S.Ct. 1261, 1264, 140 L.Ed. 413 (1998)

Rock v. Arkansas, 483 U.S. 44, 58, 107 S.Ct. 2704, 2712-2713, 97 L.Ed.2d 37 (1987)

Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 1196-1197, 10 L.Ed.2d 215 (1963)

Arizona v. Youngblood, 488 U.S. 51, 58, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988)

## TABLE OF AUTHORITIES CONTINUED

Simmons v. U.S., 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, (1968)

Estelle v. Smith, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981)

Chapman v. California, 386 U.S. 18, 87 S.Ct. 624, 17 L.Ed.2d 705 (1967)

State v. Westbrook, 392 So.2d 1043 (La. 1980)(on rehearing); State v. Pitre, 532 So.2d 424, 426 (La. App. 1st Cir. 1988) writ denied, 538 So.2d 590 (La. 1989)

Napue v. Illinois, 320 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959)

State v. Hart, 80 So.3d 25; (La. 4th Cir. App. 2011)

## STATEMENT BY PETITIONER

Petitioner asks this Honorable Court to adhere to Louisiana Supreme Court Justice Weimer's dissent, as Petitioner sees this as the correct ruling that should have been rendered. Petitioner also asks this Honorable Court to apply the law as written, especially when dealing with La. R.S. 14:98 E(4)(a) where it states **"shall be imprisoned at hard labor"** thereby being mandatory.

Petitioner would like to draw this Honorable Courts attention to Exhibit A, the commitment order, where Petitioner received the exact same sentence that is provided for in R.S. 14:98 E (4)(a) where it states "at least (3) three years of the sentence **shall** be imposed without benefit of suspension of sentence, probation, or parole" the exact same language is contained in the commitment order of Petitioner's sentence.

Finally, Petitioner presents that also contained in Exhibit A, are court minutes of Petitioner's (3) third offense conviction where it provides that Petitioner was sentenced to substance-abuse treatment and home-incarceration, the criteria called for to mandatorily enact R.S. 14:98 E (4)(a), evidence that was in fact presented at trial.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

GERALD W. DAHLEM

CIVIL ACTION:

VERSUS

NO._____

WARDEN OF AVOYELLES
CORRECTIONAL CENTER
"TROY PORET"

DC. DKT. 12-CR8-115995
AC. DKT. 2013-KA-0577
SC. DKT. 2014-KO-1555

## *PRO-SE*, PETITION UNDER 28 U.S.C. § 2254
## FOR ISSUANCE OF WRIT OF HABEAS CORPUS

Now into this Honorable Court comes, Gerald W. Dahlem, "Petitioner" and *pro-se*, an

inmate presently confined at Avoyelles Correctional Center, in Cottonport, La. 71327, who

respectfully moves this Honorable Court to grant Petitioner relief by means of issuance of

Habeas Corpus.

## STATEMENT OF CASE

(1)      The Petitioner's case derives from a felony Bill of Information filed January 9, 2012, by

the District Attorney's office, in and for the Parish of Washington. Petitioner was charged with

the following counts;

Count 1-Fourth offense driving while intoxicated, a violation of La. R.S. 14:98
Count 2-Improper lane usage, a violation of La. R.S. 32:79
Count 3-license plate light required, a violation of La. R.S. 32:304 (C)
Count 4-Driving under suspension, a violation of La. R.S. 32:415 (A)

Petitioner was arraigned on January 17, 2012, under docket number 12-CR8-115995, at

which time the Petitioner entered a "not guilty" plea on all counts.

(2)     On April 23, 2012, Petitioner was brought to court for motions to be heard, at which time the Public Defender advised the court that he had failed to bring the file with him, and he would send somebody to get it, but, never did, a Motion to Suppress, and a Motion to Quash.

(3)     On April 30, 2012, the court denied the motion to quash and a motion for a continuance, just prior to voir dire proceedings, during which time, the court never asked the Petitioner any questions, and did not engage the Petitioner in any type of colloquy concerning the Petitioner's constitutional rights, especially his constitutionally guaranteed right to a twelve person jury, for trial.

(4)     On May 1, 2012,  the state severed counts 2-4 and elected to go to trial on count one only, the driving while intoxicated charge. At the conclusion of trial, the selected six-person jury found the Petitioner guilty as charged, the trial court then denied a Motion for a New Trial and a Motion for Post-Verdict Judgment of Acquittal. (judge's stated reason; "I sat in on the trial and heard the evidence."

(5)     On September 24, 2012, Petitioner was sentenced to (25) Twenty-five years at hard labor with (3) three years to be served without the benefit of parole, probation, or suspension of sentence. Petitioner's counsel moved for reconsideration of sentence, which the trial court also denied. Thereafter, the state filed a Multiple Offender Bill of Information, alleging the Petitioner was a (3) third felony offender. Petitioner plead not true, by counsel's advise, and a hearing was scheduled.

(6)     On October 29, 2012, a hearing was conducted on the Multiple Offender Bill of Information, where upon, Petitioner admitted to the allegations in the Bill. The trial court after considering the factors set forth in La.C.Cr.P. art 894.1 (the sentencing guidelines) and other evidence in the case, vacated its original sentence and sentenced the Petitioner to (25) Twenty-

2

five years at hard labor without the benefit of probation or suspension of sentence under the Habitual Offender law, La. R.S. 15:529.1.

(7)     Petitioner timely appealed to the Court of Appeal, First Circuit, under docket number 2013-KA-0577, raising five assignments of error, both counseled and pro-se, appointed counsel Mary Roper with the **"Louisiana Appellate Project."**

(8)     Following the First Circuit Court of Appeals ruling, a denial rendered on June 18, 2014, Petitioner timely filed a motion/application for re-hearing, of which, was denied on July 22, 2014.

(9)     Thereafter, Petitioner filed a timely Supervisory Writ of Judicial Review into the Louisiana Supreme Court, under docket number 2014-KO-1555, certiorari was granted March 27, 2015, with instructions that the review would be limited to the jury composition issue only.

At this point in time, the Louisiana Supreme Court appointed Virginia B. Listach, a "professor" with the **"Southern University Legal Clinic"** as counsel to represent the petitioner.

(10)    On March 15, 2016, the Louisiana Supreme Court, on writ of certiorari to the Court of Appeal, First Circuit, affirmed the Petitioner's conviction and sentence under docket no. 2014-KO-1555.

(11)    Petitioner then timely filed a motion/application for a re-hearing, pursuant to Rule IX Section 1 of the rules of the Supreme Court of Louisiana.

(12) Rehearing was denied by the Louisiana Supreme Court on *March 15, 2016* , thereby exhausting Petitioner's state remedies on direct appeal.

It is from these foresaid proceedings and decisions, that this instant petition/application for writs, follow, seeking entitled Federal Habeas relief.

## CLAIM ONE

### SIXTH AMENDMENT CONSTITUTIONAL CLAIM RAISED

Petitioner was denied a fair trial, and an impartial jury, when six of the constitutionally mandated jurors were absent, during the entire trial proceedings. Petitioner was constitutionally guaranteed a twelve person jury, in a prosecution for a serious crime/charge, a jury that would promote accuracy and fully represent minority views in the community.

### ARGUMENT

### IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIM RAISED

Under the Sixth Amendment, criminal defendants have a right to a fair trial by an impartial jury, drawn from the state and district in which the crime allegedly occurred. U.S. Const. amend. VI; see also; U.S.Const. art. III, § 2, cl. 3; *Duncan v. Louisiana*, 391 U.S. 145, 152-53 (1968); Fed.R.Crim.P. 23 (a) ("[I]f defendant is entitled to a jury trial, it must be by jury unless defendant waives jury trial in writing, government consents, and court approves.") The right to a jury trial exists only in prosecutions for serious crimes, as distinguished from petty offenses. Duncan, 391 U.S. at 159-61. In determining whether a crime is "serious" for Sixth Amendment purposes, courts look to the severity of the maximum authorized penalty. U.S. v. Duncan, 669 F.3d 84, 86 (2nd Cir. 2011); *U.S. v. Soderna*, 82 F.3d 1370, 1378 (7th Cir. 1996); *U.S. v. Chavez*, 204 F.3d 1305, 1310 (11th Cir. 2000). Any crime that could be punished by a prison sentence greater than six-months triggers the right to a jury trial, even if the sentence imposed is less than six-months. *Blanton v. N. Las Vegas*, 489 U.S. at 542; *Duncan*, 391 U.S. at 161-62.

4

A defendant may waive the right to a jury trial, and likewise, also may be able to waive jury composition and unanimity right, provided; first, the defendant is made aware that such right exist; second, obtain the court's approval and the government's consent; third, waiving the right voluntarily; fourth, expressing the waiver knowingly and intelligently; fifth, recording the waiver in writing. *U.S. v. Mendez*, 102 F.3d 126, 131 (5th Cir. 1996): *Singer v. U.S.*, 380 U.S. 24, 36 (1965): *U.S. v. Gonzalez*, 420 F.3d 111, 131-33 (2nd Cir. 2005). See also *Ballew v. Ga.*, 435 U.S.223, 236-45 (1978). As noted by the Supreme Court in *Ballew v. Georgia*, *supra,* 435 U.S. at 242, 98 S. Ct. at 1040.

Pg.3, "In recognition of these factors, Art. 1, §17 [of the 1974 Louisiana Constitution] represents a considered determination that, as the consequences of convictions stiffen, so should the defendant's procedural safeguards."

In the case *sub judice*, Petitioner was improperly tried before a six-person petit jury for a case necessarily punishable by hard labor, where the Louisiana Constitution and the Louisiana Code of Criminal Procedure specifically stipulate:

**Louisiana Constitution, Art. 1, § 17 provides;**

A case in which the **punishment is necessarily** confinement **at hard labor** shall be tried before a jury of **twelve persons**, ten of whom must concur to render a verdict. A case in which the punishment may be confinement at hard labor shall be tried before a jury of six persons, all of whom must concur to render a verdict.

5

**Louisiana Code of Criminal Procedure Art. 782 (A) provides also;**

Cases in which **punishment is necessarily** confinement **at hard labor** shall be tried by a jury composed of **twelve jurors**, ten of whom must concur to render a verdict. Cases in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict.

Here, after a six-member jury found Petitioner guilty, Petitioner was sentenced to (25) twenty-five years at hard labor, with (3) three years without the benefit of suspension of sentence, probation, or parole; pursuant to **La. R.S. 14:98 (E)(4)(a)** – Dahlem, 2013-0577, pg.3; 148 So.3d at 591. See also Exhibit A: Commitment Order.

At the time of commission of the offense and trial, Louisiana Revised Statute 14:98 (E)(4)(a) provided that:

**La. R.S. 14:98 (E)(4)(a) Driving While Intoxicated;**

If the offender has previously been required to participate in substance abuse treatment and home-incarceration pursuant to subsection D of this section, the offender shall not be sentenced to substance abuse treatment and home-incarceration for a fourth or subsequent offense, but **shall be imprisoned at hard labor** for not less than ten nor more than thirty years, and at least (3) three years of the sentence shall be imposed without benefit of suspension of sentence, probation, or parole. **Id. (emphasis added)**

Petitioner was sentenced to the criteria of subsection D, for his (3rd) third offense DWI.

The Louisiana Supreme Court ruling quickly pointed out that, "Petitioner did not object during the selection of the jury, participated in the selection of the six-person jury, and failed to file a motion in arrest of judgment at the trial court level," however, what the Supreme Court failed to point out in it's ruling, is that, the record at petitioner's arraignment, failed to show, at anytime, did the trial court judge, district attorney, or defense counsel, inform the Petitioner about exercising his constitutional right to trial by jury instead of a judge trial, or, that Petitioner knowingly, intelligently, and voluntarily waived his right to a twelve-person jury, and decided on the alternative choice of a six-person jury. *Petitioner was not read his rights to judge or jury trial.*

**Louisiana Constitution, Art. 1, §17, in pertinent part also provides that;**

" a defendant may knowingly and intelligently waive his

right to a trial by jury, but, no later than forty-five days prior to the

trial date and the waiver shall be irrevocable."

Using this reasoning, the defendant can waive his right to a six-person jury and elect to go to trial by a one-person judge. This should also have the same effect, to a waiver of a twelve-person jury, to a six-person jury for trial, *via* jury composition, which can also be done no later than forty-five days prior to the trial date. Questionable is how did the Petitioner waive his constitutionally protected and/or guaranteed right, to a twelve-person jury trial, on the day of trial?

The waiver of a criminal defendant's right to be tried by a jury of (12) twelve-persons is not presumed; there operates, in fact, a presumption against such waiver which must be rebutted. *State v. Welch*, App. 1st Cir. 2013, 115 So.3d 490, 2012-1531 (La. App. 1st Cir. 3-22-13).

In *State v. Johnson*, App. 3rd Cir. 2010, 52 So.3d 273, 2010-196 (La. App. 3rd Cir. 11-24-10,) identical to the case at issue, the defendant had previously been required to participate in

substance abuse treatment and home-incarceration following a conviction for Driving While Intoxicated (DWI) Fourth Offense, was subject to a mandatory sentence of confinement at hard labor for a second such conviction, and thus, because state constitution mandated that any case in which the punishment was necessarily confinement at hard labor, be tried by a jury of (12) twelve-persons, defendant's subsequent conviction by a jury of six-persons for DWI, Fourth Offense was null. Ruled: **Error Patent on the Face of the Record**

The violation of Petitioner's constitutional right when he was denied a twelve-person jury and instead was subjected to a six-person jury affected the structure of the trial composition. Petitioner's constitutional violation manifestly is structural in nature for the following (3) three reasons:

1. **The duration of the violation was through the entirety of the district court trial.**

2. **The ruling of the six absent triers of fact at the jury trial cannot be deduced based on a possibility of what they probably would have ruled.**

3. **The infringement of this error is such an intimate and personal infringement of his constitutional right that qualifies as a separate standard of structural error or conforms to the narrow framework of a current structural error.**

Through the Supreme Court's analysis in ***State v. Langley***, 2006-1041 (La. 5-22-07), 958 So.2d 1160, the court clarified that it is clear and evident that a "structural error, by its very nature impacts the entire framework of the trial from beginning to end without reference to any other trial consideration." ***Langley***, 958 So.2d at 1168.

As the Supreme Court's illustration in ***Langley***, Louisiana has adopted the Supreme Court ruling in ***Gomez v. United States***, 490 U.S. 858, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989).

In *Gomez*, the Supreme Court found that a criminal trial begins at the onset of the voir dire process. *Gomez*, 490 U.S. at 876.

The United States Supreme Court found that "among the basic fair trial rights that can never be treated as harmless is a defendant's right to an impartial adjudicator, be it judge or jury." **Id.**

The Supreme Court in *Langley*, further rectified the state appellate court's preceding interpretation of *Gomez* by clarifying that the absence of the trier of fact must be undoubtedly during a critical point of the trial – such as voir dire – to constitute a structural error. Following *Gomez* the adjudicator cannot be absent for the entirety of a critical proceeding.

In this case, Petitioner's first point alone substantiates a structural error analysis. Petitioner began trial at the voir dire proceedings wherein there was a selection of a six-person jury. Throughout the entirety of the trial from beginning to end, and with all critical points, six of the twelve constitutionally mandated triers of fact were absent and unable to rule or deliberate on the proceedings. Adhering to the Supreme Court's previous rulings, this is a structural defect at the level that infects the trial mechanisms as a whole and would therefore be a structural error.

In reference to Petitioner's second point, the state argues that the trial evidence presented and the unanimity of the ruling of the jurors negates any error present.

However, in *State v. Gibson*, 391 So.2d 421 (La. 1980), the Supreme Court identified that while jurisdiction extends to questions of law in evaluating convictions based on constitutional errors to determine harmlessness, "… it does not permit a court to substitute for the verdict its judgment of what the jury *would* or *should* have decided in the absence of the error." *Gibson*, 391 So.2d at 427.

9

Through the Supreme Court's progressive adaptation of United States Supreme Court cases it has adopted the narrow interpretation of structural error set forth in *Arizona v. Fulminante*, 499 U.S. 279, 111 S.Ct. 1246, 113 L.ED.2d 302 (1991).

The states claim of harmless error is fundamentally erroneous. The state is asking this Honorable Court, as it did the Louisiana Supreme Court, to place themselves as the six absent triers of fact and to determine a ruling. Here, the wrong entity would become the triers of fact.

The constitutional error in this case directly correlates to the Louisiana Supreme Court's adoption of *Chapman's* six structural errors. In particular, the six prong of "defective reasonable doubt" deemed a structural error in *Sullivan v. Louisiana*, 508 U.S. at 275-85. In **Sullivan**, the United States Supreme Court recognized that an incorrect jury instruction omitting that the conviction is "beyond a reasonable doubt" is a structural error which is separate and distinct from previously ruled harmless trial errors conducted during jury instructions. *Sullivan*, 508 U.S. at 280. In particular, the United States Supreme Court identified that:

> "Denial of the right to a jury verdict of guilt beyond a
> reasonable doubt is certainly a [structural error], the jury guarantee
> being a 'basic protection' whose precise effects are immeasurable
> but without which a criminal trial cannot reliably serve its
> function." *Sullivan*, 508 U.S. at 281.

While jury instructions are not at issue in the present case, Petitioner was clearly deprived his basic protection of a jury trial when six of the twelve constitutionally guaranteed jurors were absent throughout the entire proceedings of the case and as such there was not a twelve-person verdict of guilt beyond a reasonable doubt. The verdict in this case is therefore constitutionally flawed.

## CLAIM TWO

### FIFTH AND FOURTEENTH AMENDMENT CONSTITUTIONAL CLAIMS RAISED

Petitioner was tried by a six-person jury when the Louisiana Constitution and the Louisiana Code of Criminal Procedure, mandated that the Petitioner was to be tried by a jury of twelve-persons, thereby violating his due process rights to be informed, along with his right to be heard, by the six absent triers of fact.

### ARGUMENT I

### IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIMS RAISED

The District Attorney is solely obligated and responsible for the mode of trial, and is directed in doing so, by the statutes and articles embodied within the Louisiana Constitution Article 1, §17 (A) and the Louisiana Code of Criminal procedure Article 782, with guidelines of which also dictate and restrict certain actions, such as (jury composition).

A process that should have been infallible, due to the provisions of statutes and articles as foresaid, along with Louisiana Revised Statute 14:98 (E)(4)(a) relative to Driving While Intoxicated. The (3) three references of law that strictly adhere to this issue alone.

The District Attorney and the Court, passed a threshold at the conclusion of arraignment proceedings, where upon, prior to entering any plea, the Court was required to inform and warn the Petitioner of all his constitutional rights, something, that from review of the record, cannot be availed of.

United States Supreme Court has expanded due process of law, as it is embodied within the Fifth Amendment to the Constitution of the United States to include; the right of an accused to be warned of constitutional rights at the earliest stage of the criminal process. "Most certainly at the point in time where the state would have been made aware of the Petitioner's

11

constitutionally protected and guaranteed right to a twelve-person jury for trial," which would require a knowing and intelligent waiver of this right, executed by the Petitioner.

The District Attorney should not be assured, by an affirmation of conviction, that infringes upon the constitutionally protected rights of the Petitioner. The District Attorney did not have the discretion or the choice of whether he would prosecute under R.S 14:98 E(1)(a) or E(4)(a), as this pertains to sentencing guidelines, that strictly adhere to the sentencing judge.

The (3) three aforementioned references of law dictate and restrict this type of action; evidence that the state knew they had and were going to present it at trial, prior to trial, made it mandatory, not by discretion or choice. Evidence that was well known prior to any stage of the proceedings, even at the point of filing a Bill of Information, due to the fact that Petitioner's (3rd) third offense DWI conviction was listed in the Bill, and was evident that the conviction was obtained in the very same jurisdiction, parish, and courthouse. The state had this evidence and knew it well before trial, because the state violated Petitioner's probation on his (3rd) third offense DWI, on January 26, 2012, just (9) nine days after his arraignment, on January 17, 2012, in the very same courtroom. For the District Attorney to have this evidence and know it, shows that he acted in bad faith, waiting until the day of trial to present it, also knowing it would in fact contradict his type of jury selection. (six-person jury, when twelve were required)

A structural error of this magnitude is devastating to the trial process and the verdict rendered; this structural error by itself, violated the essential protections of the due process clause of the Louisiana Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

Petitioner should not have to suffer at the hands of the District Attorney alone, one who's responsibility, obligation, and ethical duty was to ensure a fair trial. This type of inaction tainted

the entire trial process, by not empanelling the correct number of jurors, mandated and dictated by law; but instead, empanelled jurors that were forced to render a constitutionally flawed verdict.

### A structural error that was solely created, by the District Attorney alone.

"The guarantee of procedural fairness which flows from both the Fifth and Fourteenth Amendments due process clauses of the constitution; stipulate that minimal procedural due process is that parties whose rights are to be affected are entitled to be heard; here, Petitioner was only heard by half the fact finders, mandated by law.

### ARGUMENT II

### IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIM RAISED

Petitioner now raises a claim that is so basic, that he feels that it can be raised for the first time on application for writ of habeas corpus; and the fact that the Louisiana Supreme Court upon granting certiorari, limited his direct appeal to the jury composition only, then went outside the bounds of their instructions, and denied Petitioner relief, based on the multiple offender adjudication.

Petitioner would like to draw this Honorable Court's attention to the court minutes of April 23, 2012, where upon proceedings, a motion to quash and a motion to suppress were filed prior to the proceedings, and continued, On April 30, 2012, the court minutes reflect that the motion to quash was denied, but, the court minutes are void of any such action taken on the motion to suppress. No action what so ever was taken on the motion to suppress, thereby, violating Petitioner's Fifth, Sixth, and Fourteenth Amendment rights; right to be heard, due process, and a fair trial.

While the constitution guarantees criminal defendant's a meaningful opportunity to present a complete defense, *Crane v. Kentucky*, 476 U.S. 683, 690, 106 S.Ct. 2142, 2146, 90 L.Ed.2d 636 (1986), federal courts have long recognized that the states have broad latitude under the constitution to establish rules excluding evidence from criminal trials and "[s]uch rules will not abridge an accused's right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve'" *United States v. Scheffer*, 523 U.S. 303, 308, 118 S.Ct. 1261, 1264, 140 L.Ed. 413 (1998) (quoting *Rock v. Arkansas*, 483 U.S. 44, 58, 107 S.Ct. 2704, 2712-2713, 97 L.Ed.2d 37 (1987). As a general rule, federal habeas relief is not warranted based upon state evidentiary rulings unless the ruling is so egregious that it results in a denial of fundamental fairness, thereby, violating due process.

Here, in case *sub judice*, the Petitioner was not given the opportunity to present a complete defense, in fact he was not given the opportunity to be heard, on the motion to suppress, so egregiousness could not be determined, resulting in a denial of fundamental fairness, thereby violating due process, right to be heard, and a fair trial.

Petitioner brings forth this claim now, to see if this Honorable Court will address this matter also, but if there is any controversy over this matter being addressed now, Petitioner wishes to withdraw this portion of his claims.

## ARGUMENT III

### IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIMS RAISED

Petitioner brings forth another claim that is so basic, that he feels that it can be addressed for the first time on application for writ of habeas corpus; plus the fact that the Louisiana Supreme Court limited his direct appeal to the jury composition error, then went outside the

bounds of there instructions, and denied Petitioner by addressing the Multiple Offender adjudication, thereby, expanding the record, of such direct appeal.

Petitioner would like to draw this Honorable Court's attention to pg.13 of the chronological order of the record, a joint stipulation that was signed by both the Defense Counsel and the Assistant District Attorney, but not by the judge. Without the judge's signature this joint stipulation cannot be considered satisfied. This joint stipulation was introduced at arraignment proceedings on January 17, 2012, then, filed into the clerk of court's office on January 18, 2012.

In this joint stipulation, it stipulates that the undersigned Assistant District Attorney (Lewis Murray III) has provided a copy of the entire file in this matter to the defendant. The State agrees to provide to the defense any additional file material subsequently obtained.

This is a contradicting document, as it goes on to say, "The State agrees to produce all exhibits and evidence for inspection to the defendant upon reasonable notice and request."

As aforementioned, the State agreed to provide to the defense any additional file material subsequently obtained. See. Exhibit B joint stipulation, file material; [the plea agreement for defendant's (3rd) third offense DWI, where it stipulates that the defendant participated in substance abuse treatment and home-incarceration, as it is also considered additional file material.]

Here, the Assistant District Attorney made an agreement to provide to the defendant any additional file material, but failed to do so, and waited until the day of trial to present evidence that was cumulative to Petitioner's guilt and punishment. The complete record of Petitioner's (3rd) third offense DWI, evidence that was exculpatory to Petitioner's defense, in the sense that, had defense counsel known of this cumulative exculpatory evidence prior to trial, he would have insisted on protecting the Petitioner's constitutionally guaranteed right to a twelve-person jury.

Therefore, Assistant District Attorney (Lewis Murray III) violated due process by not fully disclosing all evidence [file material] related to Petitioner's guilt and **punishment**.

Due process requires that the state provide a defendant with any exculpatory evidence in its possession which is material to the defendant's guilt or **punishment**, regardless the good faith or bad faith of the prosecutor.  [46,395 La. App. 2nd Cir. 12] ***Brady v. Maryland***, 373 U.S. 83, 83 S.Ct. 1194, 1196-1197, 10 L.Ed.2d 215 (1963). Where a defendant claims that his due process rights have been violated due to the state's failure to preserve potentially useful evidence, the defendant has the burden of showing that the state acted in bad faith. ***Arizona v. Youngblood***, 488 U.S. 51, 58, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988).

Petitioner admits that this is not a preservation claim, but is a presentation claim. The Assistant District Attorney had knowledge of this material evidence, that he knew he was going to present at trial, well prior to trial, and withheld this evidence until the day of trial, thereby, acting in bad faith, because the Assistant District Attorney knew this exculpatory material evidence would in fact invoke Petitioner's constitutional right to a twelve-person jury for trial.

Regardless of any type of arguments concerning this issue, by law the evidence that was in fact produced at trial made it a statutorily mandated action that twelve jurors would have to be empanelled, to decide this case.

Thereby violating Petitioner's due process rights both the Fifth and Fourteenth Amendment rights to the United States Constitution of America.

Petitioner again has concerns of whether or not this Honorable Court can address this matter also at this time, as Petitioner stated in his prior argument if there is in fact any controversy over this matter being addressed now, Petitioner would in fact like to withdraw this portion of his claims.

## CLAIM THREE

### FIFTH AMENDMENT CONSTITUTIONAL CLAIM RAISED

The Louisiana Supreme Court's affirmation of the First Circuit Court of Appeals decision has conclusively violated Petitioner's Fifth Amendment rights to the Constitution of the United States and the Louisiana Constitution Art. 1,§ 16, right to remain silent and right against self-incrimination.

### ARGUMENT I

### IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIM RAISED

The Supreme Court's affirmation has erroneously implied that the Petitioner "acquiescenced" in picking the jury, by remaining silent.

Here, the Supreme Court has taken a constitutional right (the right to remain silent) and conclusively used it against the Petitioner involuntarily, to violate his constitutional right against self-incrimination, by implied "acquiescence," thus committing a type of double standard, constitutional violation. The Supreme Court has taken the exercise of this right to remain silent and conclusively used it against the Petitioner, to the extent that this action waived one of the petitioner's other constitutional rights, (right to a twelve-person jury for trial). The Supreme Court therefore has conclusively compelled the Petitioner to involuntarily incriminate himself by implied waiver of a constitutional right, due to such action.

Citing, *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, (1968) of which in pertinent part states; Under these circumstances, the court found it "intolerable that one constitutional right should have to be surrendered in order to assert another." **Id.**

The right against self-incrimination does not depend on nature of proceedings, (i.e. voir dire proceedings.)

17

The protection of the Fifth Amendment is much broader than that contemplated by the prosecution. See *Estelle v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). Article 1,§ 16 of the Louisiana Constitution provides; "No person shall be compelled to give evidence against himself."

The evidence here is presumed by implied "acquiescence" something the state has conclusively presumed against the Petitioner in order to deny him his constitutional right to a twelve-person jury for trial. In order to "acquiescence" one has to knowingly, know, what one is acquiescence to, something that cannot be established here, due to a silent record. At no point in time did the court inquire of the Petitioner about his knowledge concerning his constitutional rights, especially his constitutionally protected and guaranteed right to a twelve-person jury for trial.

Instead, the courts have used Petitioner's silence to incriminate himself in any such type of judicial review, by stating that he "waived" this constitutionally protected and guaranteed right by remaining silent.

Its just not judicially or ethically acceptable to believe that ones silence can be used against him, to deny one of their constitutionally protected and guaranteed right, this is not due process of law.

The courts are trying to imply that one would have to break their constitutional right of silence, (in order to object) to receive the benefits of their constitutionally protected and guaranteed right to a twelve-person jury for trial.

As aforementioned in *Simmons v. United States*, it is "intolerable that one constitutional right should have to be surrendered in order to assert another." This violates Petitioner's right to remain silent, right against self-incrimination, and due process.

<u>**CLAIM FOUR**</u>

**FOURTEENTH AMENDMENT CONSTITUTIONAL CLAIM RAISED**

In the Louisiana Supreme Court ruling, the Supreme Court has conclusively denied Petitioner the essential protections of the due process clause of the Louisiana Constitution along with the (14th) Fourteenth Amendment to the United States Constitution.

<u>**ARGUMENT I**</u>

**IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIMS RAISED**

By finding that the Multiple Offender Bill of Information and the subsequent enhanced sentence in this case moots the jury composition issue, the Supreme Court has effectively denied Multiple Offenders the essential protections of the due process clause of the Louisiana Constitution along with the (14th) Fourteenth Amendment to the United States Constitution. U.S. Const. Amend. XIV, § 1; La. Const. Art. 1, § 2. See Letter, Exhibit C, Southern University Law Center.

In the Louisiana Supreme Court's ruling they have conclusively and erroneously affirmed a Habitual Offender adjudication that is based upon an unconstitutional conviction. It does not matter whether the judge viewed the evidence or not, the evidence of Petitioner's previous (3rd) third offense DWI conviction revealed that Petitioner had participated in substance abuse treatment and home-incarceration, therefore Petitioner was required to be tried by a twelve-person jury. The judge is also bound by the laws of our state, just like the district attorney, and therefore it was in fact mandatory by statutory provisions and guidelines that petitioner was to be tried by a twelve-person jury.

So, with that being said, no matter what the judge or district attorney did, it still does not change the law: **R.S. 14:98 E(4)(a) "shall be imprisoned at hard labor"**

19

Furthermore, the Habitual Offender adjudication is unconstitutional because it is based on a constitutionally infirm conviction and therefore cannot moot the previous unconstitutional twelve-person jury issue.

You cannot take a unlawful proceeding and further it to another proceeding, it still becomes unlawful, because it is based on the first unlawful proceeding.

Due process would have dealt with the direct appeal first, a proceeding that lead to the Habitual Offender adjudication, to correct any error present in the proceedings. If this error would not have been present, then there might not have been any Habitual Offender adjudication, because the Petitioner just might have been freed, if the other six absent jurors would have deliberated and came back with a not guilty verdict.

Now, if you are thinking that is impossible, then the wrong entity is passing judgment upon the Petitioner, instead of the six missing jurors. Remember, these arguments are not about the Petitioner's innocence or guilt, but about him receiving a fair trial.

As stated in the application for a rehearing in the Louisiana Supreme Court brief filed by the Petitioner:

Louisiana's harmless error rule is set forth in La.C.Cr.P. art. 921. In *State v. Gibson*, 391 So.2d 421 (La. 1980), the Louisiana Supreme Court adopted the federal harmless error rule, as stated and applied in *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 624, 17 L.Ed.2d 705 (1967), as the standard most compatible with its view of its own criminal appellate jurisdiction, noting that *Chapman's* rule is "more consistent with the notion that all accused persons are entitled to a fair trial, even if guilty." *Gibson, supra,* at 927.

Petitioner now moves own to address the claims that he made in the petition of Judicial Review that was filed into the Supreme Court, although the Supreme Court limited their review to the jury composition only, Petitioner deems that it is only fair, for him to bring the additional claims to light, due to the fact that he was denied relief by the Louisiana Supreme Court.

## CLAIM FIVE

### FIFTH, SIXTH, AND FOURTEENTH AMENDMENT CONSTITUTIONAL CLAIMS RAISED

Louisiana Supreme Court ruling has overlooked an unconstitutional predicate conviction for the purpose of enhancement of Petitioner's instant conviction, thereby violating Petitioner's right to a fair trial and due process.

### ARGUMENT I

### IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIM RAISED

The Louisiana Supreme Court has affirmed a unconstitutional conviction for enhancement of Petitioner's instant offense. The predicate offense is unconstitutional in several aspects, for the following reasons to which:

**Pursuant to La.C.Cr. P. Art. 871, Sentence defined; pronouncing and recording of sentence; certification of conviction, of which in pertinent part provides:**

B.      (1)(a) "In every judgment of guilty of a felony or of one of the misdemeanors enumerated in Subparagraph (2) of this Paragraph, the sheriff shall cause to be attached to the Bill of Information or Indictment the fingerprints of the defendant against whom such judgment is rendered."

(b)(i) "Beneath such fingerprints shall be appended a certificate to the following effect;

21

"I hereby certify that the above and foregoing fingerprints on this bill are the fingerprints of the defendant, and that they were placed thereon by said defendant this _____ day of _____, _____."

(2) "In addition to judgments of guilty of a felony, the sheriff shall cause the fingerprints of the defendant to be so attached for every judgment of guilty of the following misdemeanors"

(2)(a) "First or second offense operating a vehicle while intoxicated in violation of R.S. 14:98."

Here the Petitioner has shown that the alleged conviction of Jefferson Parish that was used to enhance is not certified and therefore should not be allowed to be used as a predicate offense, it is unconstitutional in nature, due to the provisions of **La.C.Cr.P. Art. 871**.

Constitutional is deemed a complete structure; here the Petitioner has in fact shown the deficiency of such conviction; if this article is not required then why is it mandated within the La.C.Cr.P. Art 871?

Furthermore, the Petitioner sets forth additional claims as to the constitutionality of such predicate conviction, as listed below;

1. Copy of the Bill of Information is unsigned by the Petitioner, no finger prints, no photographs, and no certified signature by the clerk of court, it also contains the wrong driver's license number.

2. The extract of minutes contains the wrong diver's license number and is not signed by anyone at all, not even the minute clerk.

3. The waiver of constitutional rights form contains no initials by the alleged waived rights as required, and has no fingerprints, or certified signature of the Petitioner.

The mere fact that the Petitioner has the same name does not constitute sufficient evidence of identity. See. *State v. Westbrook*, 392 So.2d 1043, 1045 (La. 1980)(on rehearing); *State v. Pitre*, 532 So.2d 424, 426 (La. App. 1st Cir. 1988) writ denied, 538 So.2d 590 (La. 1989). See. Also Assignment of Error Two in original brief filed into the Louisiana Supreme Court by Petitioner.

## ARGUMENT II

## IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIM RAISED

The State allowed a probation officer to testify that he knows that this was in fact the petitioner's prior conviction, when in fact this conviction was allegedly committed in the year of 2000, when in fact the Petitioner had never met this probation officer until after he was arrested for the instant offense, in 2012, (12) twelve years later.

The State further allowed this probation officer to commit perjury on the stand while testifying that docket number **F1360-18** that is listed in the bill of information, was identical to documents from Jefferson Parish that listed docket number **F-13560-18**, these docket numbers are not identical.

When a prosecutor allows a State Witness to give false testimony without correction, a conviction obtained as a result of that testimony must be reversed, if the witness's testimony could have reasonably affected the verdict, even though the testimony may be relevant to the credibility of the witness. Further more, fundamental fairness to the accused, i.e. Due Process is offended when the State, although not knowingly soliciting false evidence, allows it to go uncorrected as it appears. When false testimony has been given under such circumstances, the Petitioner is entitled to a new trial, unless there is no reasonable likelihood that the alleged false testimony could have reasonably affected the outcome.

23

Without the false testimony of this probation officer, Petitioner would not have been identified as the offender in the predicate conviction that was used to enhance his instant conviction, and therefore would not have been subjected to a fourth offense DWI, but only a third offense, thereby changing the outcome. See *Napue v. Illinois*, 320 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). See. Also *State v. Hart*, when accepting testimony of a previously executed plea agreement.

## ARGUMENT III

### IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIM RAISED

Petitioner at this time would like to assert his claims in his respectfully submitted Writ of Judicial Review filed into the Louisiana Supreme Court, but Petitioner is out of space in order to argue these claims. Therefore, Petitioner request that this Honorable Court address his assignment of error number four; **INVALID PREDICATE USED FOR HABITUAL OFFENDER ADJUDICATION.** Pg. 10

## ARGUMENT IV

### IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIM RAISED

Petitioner at this time would also like to assert his final claim in the brief that was filed into the Supreme Court; assignment of error five; **EXCESSIVE SENTENCE** pg. 11

Petitioner has successfully presented all claims that he has availed of, for this Honorable Court to address.



## CONCLUSION AND PRAYER

Wherefore, considering the facts and laws in favor of, Gerald W. Dahlem, who respectfully prays that this Honorable Court see the merits of his claims and finds that the error in this case is not a harmless violation of one's federal mandated constitutional rights; and ultimately reverse and remand for a new trial, granting such relief as this Honorable Court deems just and equitable.

Respectfully submitted, *Gerald W. Dahlem*

Gerald W. Dahlem # 384259
Avoyelles Correctional Center C-3 D-2
1630 Prison Road
Cottonport, La. 71327

## VERIFICATION

I, Gerald W. Dahlem, depose under the penalty of perjury, swear that all statements of fact included herein are true and correct to the best of my knowledge and belief.

**DONE AND SIGNED THIS** ___24___ **DAY OF** ___May___, **2016.**

SIGNED, *Gerald W. Dahlem*.

## CERTIFICATION

I, hereby certify that I have served a copy of this Petition on the opposing counsel listed below, by placing a copy thereof in the United States postal service, on this ___16___ day of ___June___, 2016.

SIGNED, *Gerald Dahlem*.

Jeff Landry
Attorney General of Louisiana
Livingston Bldg, 1885 N. 4th St.
P.O. Box 94005
Baton Rouge, La. 70804-9005

*Attached*
*Notary Sign*

25

**STATE OF LOUISIANA**

**PARISH OF AVOYELLES**

**AFFIDAVIT OF VERIFICATION**

 

 

**BEFORE ME**, the undersigned authority, personally appeared **GERALD DAHLEM**, who, being first duly sworn, deposed: That he is the petitioner in the above and foregoing **PETITION FOR HABEAS CORPUS RELIEF** and that all the allegations of fact made in the petition are true, except those allegations expressly made on information and belief; and that, as to these, affiant believes them to be true.

 

 

_____
**PETITIONER**

 

 

**SIGNED AND AFFIRMED** in the presence of:

 

_____
**WITNESS**

Bryant Rogers
_____
**WITNESS**

 

 

**SWORN TO AND SUBSCRIBED** before me this **24** day of **MAY 2016**.

 

_____
**EX OFFICIO NOTARY**