UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GERALD W. DAHLEM | CIVIL ACTION |
| VERSUS | NO. 16-11835 |
| TROY PORET, WARDEN | SECTION: "G"(1) |

## ORDER AND REASONS

Before the Court are Petitioner Gerald W. Dahlem's ("Petitioner") objections[1] to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Petitioner, a state prisoner incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254,[3] and he subsequently amended the petition.[4] The Magistrate Judge recommended that the petition and amended petition be dismissed with prejudice.[5] Petitioner objects to the Magistrate Judge's recommendation.[6] After reviewing the petition, the amended petition, the State's response, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's recommendation and dismiss this action with prejudice.

---

[1] Rec. Docs. 21, 22.

[2] Rec. Doc. 20.

[3] Rec. Doc. 1.

[4] Rec. Doc. 19.

[5] Rec. Doc. 20.

[6] Rec. Docs. 21, 22.

1

## I. Background

*A.    Factual Background*

On January 17, 2012, Petitioner was charged by Bill of Information in the 22nd Judicial District Court for the Parish of Washington with one count of fourth-offense driving while intoxicated (Count One).[7] On May 1, 2012, following a jury trial, Petitioner was found guilty as charged on Count One.[8] On September 24, 2012, Petitioner was sentenced to a term of 25 years imprisonment, with the first three years to be served without benefit of probation, parole, or suspension of sentence.[9] On October 29, 2012, Petitioner pled guilty to being a multiple offender, and was resentenced to a term of 25 years imprisonment without benefit of probation, parole, or suspension of sentence.[10] The Louisiana First Circuit Court of Appeal affirmed Petitioner's conviction and sentence on June 18, 2014.[11] The Louisiana Supreme Court affirmed Petitioner's conviction and sentence on March 15, 2016.[12]

While those proceedings were ongoing, Petitioner also filed with the state district court a motion to correct an illegal sentence, which was denied on January 15, 2014.[13] His related writ

---

[7] State Rec., Vol. I of III, Bill of Information, Jan. 17, 2012. Petitioner was also charged with one count of improper lane usage (Count Two), one count of license plate light required (Count Three), and one count of driving under suspension (Count Four). *Id.* However, Counts Two through Four were severed before trial.

[8] State Rec., Vol. I of III, Jury Verdict, May 1, 2012.

[9] State Rec., Vol. I of III, Minute Entry, Sept. 24, 2012.

[10] State Rec., Vol. I of III, Minute Entry, Oct. 29, 2012.

[11] *State v. Dahlem*, 2013-KA-577 (La. App. 1 Cir. 6/18/14); 148 So. 3d 591.

[12] *State v. Dahlem*, 2014-KO-1555 (La. 3/15/16); 197 So. 3d 676.

[13] State Rec., Vol. I of III, Order, Jan. 15, 2014.

applications were likewise denied by the Louisiana First Circuit Court of Appeal on June 2, 2014,[14] and by the Louisiana Supreme Court on April 2, 2015.[15]

On May 24, 2016, Petitioner filed this habeas petition,[16] and he subsequently amended the petition on December 14, 2016, with leave of Court.[17] Petitioner raises the following grounds for relief: (1) he was tried by a six-person jury although state law required that he be tried by a twelve-person jury; (2) he was denied due process and equal protection; (3) he was denied of the right to remain silent; (4) his rights were violated because the state trial court never ruled on his motion to suppress; (5) alleged *Brady* violations; (6) the prosecution failed to properly prove the existence of his predicate convictions; (7) one of the predicate convictions used to support his multiple offender adjudication was invalid; (8) his sentence was excessive.[18] The State filed a response arguing that the petition should be dismissed with prejudice,[19] and Petitioner filed replies to the State's response.[20]

## B.  *Report and Recommendation Findings*

The Magistrate Judge recommends that the petition be dismissed on the merits.[21] First, the Magistrate Judge examined Petitioner's claim that he was tried by a six-person jury when state law

---

[14] *State v. Dahlem*, 2014-KW-329 (La. 6/2/14); State Rec., Vol. III of III.

[15] *State ex rel. Dahlem v. State*, 2014-KH-1268 (La. 4/2/15); 163 So. 3d 789.

[16] Rec. Doc. 1.

[17] Rec. Docs. 18, 19.

[18] Rec. Docs. 1, 19. The Magistrate Judge addressed Petitioner's claims in a different order than they were presented in the petition. Rec. Doc. 20 at 6 n.15. The Court addresses Petitioner's claims in the same order as they were addressed by the Magistrate Judge.

[19] Rec. Doc. 14.

[20] Rec. Docs. 16, 17.

[21] Rec. Doc. 20.

required that he be tried by a twelve-person.[22] To the extent that Petitioner argued that the state courts improperly applied state law, the Magistrate Judge noted that the claim was not cognizable on federal habeas review.[23] Moreover, to the extent that Petitioner claimed that his trial was rendered fundamentally unfair, the Magistrate Judge noted that the United States Supreme Court has expressly rejected the contention that twelve-person juries are required by the Constitution.[24] Therefore, the Magistrate Judge recommends that the Court deny Petitioner relief on this claim.[25]

Second, the Magistrate Judge determined that Petitioner was not entitled to relief on his claim that he was denied due process and equal protection.[26] The Magistrate Judge noted that Petitioner argued he was denied due process and equal protection because the Louisiana Supreme Court declined to consider whether Petitioner's original sentence was proper, determining that the original sentence was rendered moot when Petitioner was re-sentenced as a multiple offender.[27] Therefore, because Petitioner is no longer being incarcerated based on the vacated sentence, the Magistrate Judge determined that the propriety of that sentence is not properly before the Court.[28]

Third, the Magistrate Judge addressed Petitioner's claim that his right to "remain silent" was violated because his failure to object to a six-person jury was interpreted as implied acquiescence to the use of that mode of trial.[29] The Magistrate Judge found this argument

---

[22] *Id.* at 6–11.

[23] *Id.* at 10 (citing *Manning v. Warden, Louisiana State Penitentiary*, 786 F.2d 710, 712 (5th Cir. 1986)).

[24] *Id.* at 10–11 (citing *Williams v. Florida*, 399 U.S. 78, 100–02 (1970)).

[25] *Id.* at 11.

[26] *Id.* at 11–15.

[27] *Id.* at 11–12.

[28] *Id.* at 15.

[29] *Id.* at 15–17.

unavailing because the Louisiana Supreme Court had decided the claim on the merits.[30] Moreover, the Magistrate Judge determined that there was no merit to Petitioner's contention that the requirement that a defendant voice an objection at trial violates his right to remain silent because "[a] contemporaneous objection at trial is a purely neutral procedural device not indicative of either guilt or innocence."[31]

Fourth, the Magistrate Judge addressed Petitioner's claim that the prosecutor violated *Brady v. Maryland* by failing to provide the defense with "additional file material" related to Petitioner's prior convictions until the day of trial.[32] The Magistrate Judge determined that Petitioner is not entitled to relief on this claim because the records were not suppressed, as Petitioner was aware of the existence of his own prior convictions and the court records were public records accessible to defense counsel.[33] Therefore, the Magistrate Judge determined that Petitioner is not entitled to relief on this claim.[34]

Fifth, the Magistrate Judge addressed Petitioner's claim that the prosecutor failed to properly prove the existence of his predicate conviction.[35] The Magistrate Judge noted that proof that Petitioner was the same person convicted of the predicate offense was established by his identical name, matching address and date of birth, and by the testimony of the probation officer who supervised Petitioner during his probation for the predicate offense.[36] Therefore, the

---

[30] *Id.* at 15.

[31] *Id.* at 15–17.

[32] *Id.* at 18–19.

[33] *Id.*

[34] *Id.* at 19.

[35] *Id.* at 20–24.

[36] *Id.* at 24.

5

Magistrate Judge determined that Petitioner had not shown that the state court's decision rejecting his claim was contrary to, or involved an unreasonable application of, clearly established federal law.[37] Furthermore, to the extent that Petitioner argued that the prosecution improperly allowed the probation officer to present false testimony regarding the predicate conviction, the Magistrate Judge found this argument unavailing because Petitioner had not shown that the testimony was in fact false.[38]

Sixth, the Magistrate Judge addressed Petitioner's claim that one of the predicate convictions used to support his multiple offender adjudication was invalid.[39] The Magistrate Judge noted that the state courts rejected this claim on the procedural ground that Petitioner did not comply with Louisiana Revised Statute § 15:529.1(D)(1)(b).[40] The Magistrate Judge determined that this statute was an independent and adequate state law ground for dismissal of the claim.[41] Therefore, the Magistrate Judge concluded that Petitioner was procedurally barred from raising these claims unless he could show cause for his default and prejudice attributed thereto, or, alternatively, if Petitioner could demonstrate that the federal court's failure to review the claims would result in a fundamental miscarriage of justice.[42] Here, the Magistrate Judge noted that Petitioner did not argue any cause for his procedural default, or that he was legally ineligible for

---

[37] *Id.*

[38] *Id.*

[39] *Id.* at 24–28.

[40] *Id.* at 25.

[41] *Id.* at 26.

[42] *Id.*

6

the sentence imposed.[43] Accordingly, the Magistrate Judge concluded that this claim is procedurally barred from federal habeas review.[44]

Finally, the Magistrate Judge addressed Petitioner's claim that his sentence is excessive.[45] To the extent that Petitioner is claiming that his sentence is excessive or otherwise inappropriate under Louisiana law, the Magistrate Judge determined that his claim is not cognizable in this federal proceeding.[46] To the extent Petitioner is claiming that his sentence is excessive under federal law, the Magistrate Judge determined that Petitioner is not entitled to relief because Petitioner's sentence fell within the range provided by law and was not grossly disproportionate to the crime.[47]

## II. Objections

### A. *Petitioner's Objections*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[48] First, Petitioner argues that he was entitled to trial by a twelve-person jury, and so his trial by a six-person jury was fundamentally unfair.[49] "Petitioner asserts that he was . . . denied a fair trial, due process, and equal protection of the law, by being tried by a six-person jury, [where] the Louisiana State Constitution and Louisiana Code of Criminal Procedure . . . both dictate, that a twelve person

---

[43] *Id.* at 26–27.

[44] *Id.* at 28.

[45] *Id.* at 28–32.

[46] *Id.* at 29.

[47] *Id.* at 30–32.

[48] Rec. Doc. 21.

[49] *Id.* at 1.

7

jury should have been empaneled in this case."[50] Furthermore, Petitioner contends that the bill of information does not "dictate the jury size," rather "the trial judge and district attorney were both required to research the penalty provision in order to empanel the correct number of jurors."[51] Petitioner contends "that by due course of law or due process of law, he was in fact, guaranteed a twelve-person jury for trial."[52] Instead, Petitioner asserts that he was denied due process, equal protection, and a fair trial because he was "denied the right to be heard by the six absent jurors."[53]

Next, Petitioner notes that the Magistrate Judge correctly determined that records concerning his prior conviction were not suppressed in violation of *Brady v. Maryland*.[54] Therefore, Petitioner asserts that "the State cannot chose to suppress certain portions of that public record," including "the fact that Petitioner had been already sentenced to substance-abuse treatment and home-incarceration for his previous third offense DWI."[55] Finally, Petitioner contends that the multiple offender proceeding "has no bearing on the determination of the number of persons compromising [sic] the jury for the trial of the case."[56]

### B. *Petitioner's Supplemental Objections*

In his supplemental objections, Petitioner contends that "[t]he Louisiana Supreme Court essentially ruled in the petitioner's case, that his Louisiana Constitutional claim guaranteeing him a twelve-person jury for trial was essentially 'moot' because he had been adjudicated as a habitual

---

[50] *Id.* at 2.

[51] *Id.* at 8.

[52] *Id.* at 10.

[53] *Id.* at 9.

[54] *Id.* at 13.

[55] *Id.*

[56] *Id.* at 16.

offender and practically received the same 'at hard labor' sentence."[57] He asserts that this ruling was erroneous, and contrary to long-standing Louisiana jurisprudence.[58]

C. **State's Response**

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filing.

### III. Standard of Review

A. *Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. The District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[59] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[60] The District Court's review is limited to plain error for parts of the report which are not properly objected to.[61]

B. *Standard of Review Under the AEDPA*

Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions was revised "to ensure that state-court convictions are given effect to the extent possible under

---

[57] Rec. Doc. 22 at 1.

[58] *Id.*

[59] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[60] Fed. R. Civ. P. 72(b)(3).

[61] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

9

law."[62] For questions of fact, federal courts must defer to a state court's findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[63] A state court's determinations on mixed questions of law and fact or pure issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[ ] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[64]

> Regarding this standard, the U.S. Court of Appeals for the Fifth Circuit further explains:
>
> A state-court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[65]

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[66] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[67]

---

[62] *Bell v. Cone*, 535 U.S. 685, 693 (2002).

[63] 28 U.S.C. § 2254(d)(2).

[64] 28 U.S.C. § 2254(d)(1).

[65] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (citations and quotation marks omitted).

[66] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

[67] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (quotation marks omitted).

## IV. Law and Analysis

### A. *Trial by a Six-Person Jury*

The Magistrate Judge recommends that the Court deny Petitioner relief on his claim that his rights were violated when he was tried by a six-person jury although state law allegedly required that he be tried by a twelve-person jury.[68] To the extent that Petitioner argued that the state courts improperly applied state law, the Magistrate Judge noted that the claim was not cognizable on federal habeas review.[69] Moreover, to the extent that Petitioner claimed that his trial was rendered fundamentally unfair, the Magistrate Judge noted that the United States Supreme Court has expressly rejected the contention that twelve-person juries are required by the Constitution.[70] In his objections and supplemental objections, Petitioner asserts that the Louisiana Supreme Court misapplied Louisiana law when it upheld Petitioner's conviction by a six-person jury.[71] Petitioner argues that his trial by a six-person jury was fundamentally unfair and that he was "denied a fair trial, due process, and equal protection of the law, by being tried by a six-person jury, when in fact the Louisiana State Constitution and Louisiana Code of Criminal Procedure . . . both dictate, that a twelve person jury should have been empaneled in this case."[72] Accordingly, the Court reviews this claim *de novo*.[73]

---

[68] Rec. Doc. 20 at 6–11.

[69] *Id.* at 10 (citing *Manning v. Warden, Louisiana State Penitentiary*, 786 F.2d 710, 712 (5th Cir. 1986)).

[70] *Id.* at 10–11 (citing *Williams v. Florida*, 399 U.S. 78, 100–02 (1970)).

[71] Rec. Docs. 21, 22.

[72] Rec. Doc. 21 at 1–2.

[73] Fed. R. Civ. P. 72(b)(3).

As the Fifth Circuit has recognized, "federal habeas courts sit to review state court misapplications of federal law."[74] "A federal court lacks authority to rule that a state court incorrectly interpreted its own law."[75] "Whether the state followed its own procedure is not the concern of a federal habeas court."[76] Therefore, to the extent Petitioner argues that his trial by a six-person jury violated state law, this claim is not cognizable on federal habeas review.

"[H]abeas corpus is available only for the vindication of rights existing under federal law; not rights existing solely under the rules of state procedure."[77] Therefore, "[w]hen there has been a violation of state procedure, the proper inquiry is to determine whether there has been a constitutional infraction of defendant's due process rights which would render the trial as a whole fundamentally unfair."[78]

Petitioner contends that his trial was fundamentally unfair under federal law because he was entitled to a twelve-person jury.[79] However, Petitioner is not entitled to relief on this claim as it has been expressly rejected by the United States Supreme Court. In *Duncan v. Louisiana*, the Supreme Court "held that the Fourteenth Amendment guarantees a right to trial by jury in all criminal cases [tried in state court] that—were they to be tried in a federal court—would come within the Sixth Amendment's guarantee."[80] In *Williams v. Florida*, the Supreme Court determined that a "petitioner's Sixth Amendment rights, as applied to the States through the Fourteenth

---

[74] *Charles v. Thaler*, 629 F.3d 494, 500 (5th Cir. 2011).

[75] *Id.* at 500–01.

[76] *Manning v. Warden, Louisiana State Pentientiary*, 786 F.2d 710, 712 (5th Cir. 1986).

[77] *Id.* at 711.

[78] *Id.* at 711–12.

[79] Rec. Doc. 21 at 1–2.

[80] *Williams v. Florida*, 399 U.S. 78, 86 (1970) (citing *Duncan v. Louisiana*, 391 U.S. 145 (1968)).

Amendment, were not violated by [the State's] decision to provide a six-man rather than a 12-man jury."[81] Here, the Louisiana Supreme Court determined that Petitioner's trial by a six-person jury did not violate Louisiana law, and the State's decision to provide Petitioner a six-person jury did not render his trial fundamentally unfair. Accordingly, Petitioner is not entitled to federal habeas relief on this claim.

### B. *Portions of the Report and Recommendation Without Objection*

Petitioner does not object to the other portions of the Report and Recommendation. Specifically, the Magistrate Judge found that Petitioner was not entitled to relief on his claim that he was denied due process and equal protection when the Louisiana Supreme Court declined to consider whether Petitioner's original sentence was proper, because Petitioner is no longer being incarcerated based on the vacated sentence.[82] Moreover, the Magistrate Judge determined that there was no merit to Petitioner's contention that the requirement that a defendant voice an objection at trial violates his right to remain silent because "[a] a contemporaneous objection at trial is a purely neutral procedural device not indicative of either guilt or innocence."[83]

As for Petitioner's claim that the prosecutor violated *Brady v. Maryland* by failing to provide the defense with "additional file material" related to Petitioner's prior convictions until the day of trial, the Magistrate Judge determined that Petitioner is not entitled to relief on this claim because the records were not suppressed, as Petitioner was aware of the existence of his own prior convictions and the court records were public records accessible to defense counsel.[84] The

---

[81] *Id.* at 103.

[82] Rec. Doc. 20 at 15.

[83] *Id.* at 15–17.

[84] *Id.* at 18–19.

Magistrate Judge rejected Petitioner's claim that the prosecutor failed to properly prove the existence of his predicate conviction, finding that the evidence was sufficient to prove the predicate conviction.[85] The Magistrate Judge determined that Petitioner was procedurally barred from raising the claim that one of the predicate convictions used to support his multiple offender adjudication was invalid.[86] Finally, the Magistrate Judge rejected Petitioner's claim that his sentence is excessive, because Petitioner's sentence fell within the range provided by law and was not grossly disproportionate to the crime.[87] Reviewing these portions of the Report and Recommendation for plain error,[88] and finding none, the Court adopts the Magistrate Judge's recommendation that Petitioner's claims be dismissed with prejudice.

## V. Conclusion

For the reasons stated above, on *de novo* review, the Court finds that Petitioner is not entitled to federal habeas relief on his claim that his rights were violated when he was tried by a six-person jury although state law allegedly required that he be tried by a twelve-person jury. Furthermore, finding no plain error in the portions of the Report and Recommendation to which Petitioner does not object, the Court adopts the Magistrate Judge's recommendation that Petitioner's claims be dismissed with prejudice.[89] Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

---

[85] *Id.* at 20–24.

[86] *Id.* at 24–28.

[87] *Id.* at 30–32.

[88] *See Douglass*, 79 F.3d at 1428–29.

[89] *See Douglass*, 79 F.3d at 1428–29.

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Gerald W. Dahlem's petition and amended petition for issuance for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 are **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this 28th day of August, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**